DUNHAM vs. CONVERSE, Administrator, etc.

1. CONVERSION OF CHATTELS. *When demand necessary.*
2. INSTRUCTIONS — ERROR. *When refusal of correct instruction not error.*

1. Where personal property wrongfully taken from the owner, has been delivered by the wrongdoer to one who is familiar with the facts and bound to know that the taking is unlawful, *it seems* that an action for the conversion will lie against the latter without any previous *demand.*

Dunham vs. Converse, Administrator, etc.

2. The jury having been instructed, in effect, that they could not find a verdict against defendant unless they found "that he unlawfully took and carried away and converted to his own use" the property in question, it was not error to refuse a further instruction that a *demand* must be shown, to sustain the action.

ERROR to the Circuit Court for *Dodge* County.

The action below was brought by *Converse*, as administrator of the estate of John P. Converse, deceased, to recover damages for the unlawful taking and conversion of certain chattels, including five hundred bushels of wheat, two hundred bushels of oats, etc., etc., alleged to belong to said estate, and to have been unlawfully taken by *Dunham* from the possession of said administrator. Answer, a general denial. Plaintiff's evidence tended to prove that in January or February, 1859, as administrator of the estate of John P. Converse (who died in 1856), and with the consent of the widow of said deceased, he leased to one Ketchum for a year a farm of some eighty acres which had belonged to the deceased and was occupied by him at his death, and upon which the widow and children continued to reside; that Ketchum, by the terms of the lease was to have one half of the products of the farm for the term; that in July, 1859, said widow intermarried with the said *Dunham*, and thereafter lived with him upon his farm not far distant from the land above described; that at or about the time of such marriage, a portion of the chattels in controversy were removed by *Dunham* to his farm; that in September following, Ketchum threshed the grain raised upon said farm during that season, and delivered it to *Dunham*, by whom it was removed to his own place; and that upon the settlement of plaintiff's account as administrator, in 1860, all the property here in controversy was charged to him. The nature of the evidence on the part of the defense will sufficiently appear from the charge of the circuit court, which, so far as it is important here, was as follows : "Defendant claims to have proved that he, in fact, never took the property, but that it was taken by and under the direction

of his wife, who was the widow of John P. Converse, deceased; that the property, or some part of it at least, was by her direction brought upon his premises, and by him sold and disposed of for the benefit of his wife; and that such of it as was not sold and disposed of was in her possession at the commencement of this action, and not in his.   *   *   It is for you to determine, from the evidence in this case, applying it to the law as I shall give it to you, whether the theory of the plaintiff or defendant has been established."

At plaintiff's request the court instructed the jury, 1. That if plaintiff, as administrator, etc., leased the premises, with the consent of the widow of John P. Converse, he would be entitled to the proper share of the estate in the crops raised by the tenant; and if *Dunham* unlawfully took and carried away, and converted to his own use, said share, plaintiff, as such administrator, would be entitled to recover of said defendant.   2. That if plaintiff, as such administrator, in his settlement with the county court in 1860, was charged with the property in controversy, such settlement was conclusive as to the right of the administrator to the possession of said property, as against the widow of the deceased and the heirs of said estate, and all persons claiming under them or by their authority.   The defendant asked, but the court refused, instructions to the effect, 1. That if Ketchum was in lawful possesion of the property, and delivered it to Mrs. Dunham, and there were no wrongful intent on defendant's part, and what he did was at the request of his wife, plaintiff must prove a *demand* of defendant before he could recover in this action.   2. That Ketchum, as lessee, was in the lawful possession of the products of the farm; and if he and the widow brought the property in dispute, and put it in defendant's possession, and defendant gratuitously took it at the request of the widow, with no wrongful intent, the plaintiff must prove a *demand* before he could recover.   3. That the mere fact that the title of the property, or a portion of it, was in the administrator, would

not support this action, but it must also appear that defendant either took it as a *trespasser*, or held it against the demand of the administrator, made before the action was brought. 4. That plaintiff could not recover *as administrator* for the wheat raised upon a certain specified ten acres of said land, but, if entitled to it at all, must recover for it "in an individual action." The ground upon which this fourth instruction was asked will appear from the opinion.

Verdict for the plaintiff; new trial denied; and judgment on the verdict; and *Dunham* took out his writ of error.*

*Gerrit T. Thorn*, for plaintiff in error, argued that when a party comes into the possession of personal property lawfully, as a *bona fide* purchaser or as a bailee, the claimant of the property cannot maintain an action for conversion until he has made a demand. So where a second person receives property innocently from a wrong-doer. 1 Chit. Gen. Pr., 565 ; *Barrett v. v. Warren*, 3 Hill, 348 ; *Millspaugh v. Mitchell*, 8 Barb., 333 ; *Monnot v. Ibert*, 33 id., 24 ; *Powers v. Bassford*, 19 How., 309 ; *Livingston v. Stoessell*, 3 Bosw., 19. He further contended that it appeared from plaintiff's own testimony that the ten acres referred to in the fourth instruction asked by the defendant, were the property of the plaintiff, and therefore that instruction should have been given.

*E. Ellwell*, for defendant in error.

DIXON, C. J. The first, second and third requests to charge made by the defendant below, now the plaintiff in error, related to the necessity of a demand of the property and proving it, before the action could be maintained by the plaintiff. Regard being had to the testimony given by the defendant himself, those requests might, possibly, with propriety have been granted. Yet this was very doubtful upon the whole testimony in the

---

*The jury appears to have found the plaintiff entitled to recover the possession, or the value, of *all* the property claimed; though this fact does not appear from the printed case.—REP

case. It was very doubtful upon the whole testimony, and even upon the testimony of the defendant himself. It was not clear that the defendant was in the situation of a person who had received the property innocently and in good faith from the wrong-doer, so as to have made a demand from him necessary before action brought. On the contrary, if we say nothing about his agency and actual interference in the taking and removal of the property, which the testimony of other witnesses tended very strongly to establish, it was still evident that he knew all about the title and interest of the plaintiff, and by what right his wife and Ketchum claimed to remove and control the property. He was familiar with the facts, and did not pretend otherwise at the trial. It would seem, therefore, that he was bound to know that his wife was a wrong-doer in taking the property — that she had no right to remove it, nor Ketchum to deliver it to her. If this was so, then it was very questionable whether any demand was necessary. If it was, it must have been because a demand is required of a person who receives goods from a trespasser knowing him to be such and receives them, too, from him while engaged in the very act of trespass known to have been committed. It seems almost undeniable that no demand is necessary in such a case, whatever may be the relations between the person receiving the property and the person taking it.

But, however the law may be upon this point, we are of opinion that there was no error in refusing the requests, because the same had already been in substance given in the general charge, and the court was not required to repeat them. The ground of refusal does not appear, and, for aught we know, the reason assigned by the court may have been, that the jury had been previously so instructed. The requests to so charge came after the written charge of the court, and after the instructions given at the instance of the plaintiff, and were refused last in order upon the trial. The written charge fully and fairly explained the nature and theory of the defense claimed to have been

proved by the defendant, and, taken in connection with the instructions given at the request of the plaintiff, and which immediately followed, must have been understood by the jury as requiring a verdict for the defendant, provided they found his theory of the case, or the facts as claimed and insisted upon by him, to have been true.   The court said :   " It is for you to determine, from the evidence in this case, applying it to the law as I shall give it to you, whether the theory of the plaintiff or defendant has been established."

And under the first instruction given at the request of the plaintiff, and which was the only one bearing upon the point, the jury were required to find that " the defendant unlawfully took and carried away and converted to his own use " the propin dispute, in order to return a verdict for the plaintiff.   The jury must therefore have found that the defendant did in fact take, carry away and convert the property to his own use ; and as there can be no question about the sufficiency of testimony in that particular for the consideration of the jury, it follows, if there was error in refusing the defendant's requests to charge in respect to the necessity of a demand, that it has now become wholly immaterial.   If the defendant actually took, carried away and converted the property himself, as the jury have found upon a sufficiency of evidence, then no demand was necessary, and no error of the court in relation thereto, or in refusing to charge as requested, will be allowed to disturb the verdict.

As to the fourth request to charge, it is enough to say that it assumed as a fact a matter which should have been submitted for the determination of the jury.   It assumed as a fact that the ten acres upon which the wheat spoken of was raised, was land owned and occupied by the plaintiff individually.   The testimony, as reported to this court, is by no means clear, and the bill of exceptions does not purport to contain all of it.   All that appears here respecting the ten acres of wheat, or the ownership of the land, are a few words

in the testimony of the plaintiff in reply to or explanation of some testimony given by the defendant, which last does not appear. The plaintiff spoke of the land as his own, and at the same time said the wheat that grew thereon was part of the same wheat which he claimed as administrator in the suit. The inference must be, when he said the land was his, that he claimed it in his representative capacity. At all events, it was for the jury to say what the fact was, and not for the court to assume it by a positive instruction that the plaintiff could not recover for that wheat.

*By the Court.*— Judgment affirmed.