BALLIET vs. SCOTT, Garnishee.

(1) *Statute of Frauds.*     (2) *Garnishment.*     (3) *Erroneous instructions, when immaterial.*

1. By the terms of a written contract entered into by S. with D. & B., S. was authorized to pay the laborers employed by D. & B. in doing work provided for by said contract, and to have the amounts paid such laborers deducted as so much paid D. & B. upon the contract. S. having thereafter promised said laborers, at the time of their employment and before they did the work, that he would pay them therefor, and they having accepted of such promise: *Held,* that this was a binding contract of S. with each laborer, and not affected by the statute of frauds.

2. At the time of service of garnishee process upon S. by creditors of D. & B., he had paid all amounts which D. & B. had earned under their contract, except a certain sum for which he was legally liable to said laborers for their wages. *Held,* that he was not liable as garnishee.

3. Where it clearly appears, on appeal, that the respondent was entitled to the judgment rendered, errors in the instructions to the jury are immaterial.

APPEAL from the Circuit Court for *Outagamie* County.

*Balliet,* having obtained a judgment against Doton and Bennett, instituted garnishee proceedings against *Scott,* the first garnishee process being served on the 26th of June, 1871. *Scott,* a railroad contractor, entered into a contract with Doton and Bennett, whereby the latter agreed to construct a certain portion of a railway. The only portion of the contract material to an understanding of the opinion is the following: " It is further agreed mutually between said parties, that said first party [*Scott*], whenever in his opinion it may be necessary to secure to the laborers employed by said second party [Doton & Bennett] their wages, is hereby authorized to pay said laborers the amount due them in the same manner said second party is to be paid; and their receipts shall be deducted from the amount which may be payable to said second party." The garnishee testified that he paid the men under the clause of the contract above quoted, and that it was necessary for him to

pay them in order to secure their pay. In answer to the question as to what was the arrangement between him and the men who worked for Doton & Bennett about their pay, the garnishee testified as follows: "I contracted with all the men who worked there on that road, to pay them their wages — told them all the while, from the early spring all through the summer, that I would pay them myself; this was with the understanding of Doton & Bennett that this arrangement was made with them. I paid them their wages along as they worked under this contract." The other facts material to the case are stated in the opinion. Verdict and judgment for defendant; and plaintiff appealed.

*Warner & Ryan*, for appellant, contended, among other things, that *Scott*, in order to avoid liability on the garnishee process, must have exercised his option and paid the men before service of the garnishee process. The payment to the workmen was a mere privilege, of which *Scott* might or might not avail himself, and the privilege could be of no avail until actual payment. The agreement to pay the men was void under the statute of frauds, since it was a promise to answer for the debt of another, and was not in writing expressing the consideration and signed by the respondent. It was not made at the date of the execution of the written contract with Doton & Bennett, nor at the time of hiring the men, nor did the men accept of or assent to the agreement, or in consequence thereof release Doton & Bennett from liability, nor was their liability for the labor extinguished by said agreement. R. S., ch. 107, sec. 2; Brown on Frauds, §§ 198, 199; *Mallory v. Gillett*, 21 N. Y., 412; *McDonell v. Dodge*, 10 Wis., 106; *Osborne v. Farmers' etc. Co.*, 16 id., 35; *Putney v. Farnham*, 27 Wis., 187.

*Elbridge Smith*, for respondent, to the point that *Scott* was legally bound to pay the workmen, under the agreement between him and them, the agreement being upon good consideration, and that nothing was due Doton & Bennett until after the payment to the men, cited *Putney v. Farnham*, 27 Wis., 187.

DIXON, C. J. The testimony taken on the trial, and preserved and reported in full in the bill of exceptions, very clearly shows that on the day the defendant was served with garnishee process, he was not indebted to the judgment debtors, Doton & Bennett. There was at that time a balance unpaid on the contract, but not sufficient to pay the wages of the laborers for which the defendant had already become legally bound and holden. The estimates showing the amount of work done by Doton & Bennett under the contract in the months of April, May and June, were as follows: April, $3,031.06; May, $8,027.94; June, $6,753.09; making in all, $17,812.09. The payments for the same months were as follows: April $2,445.-37; May, $12,606.23; June, $9,551.55; being a total of $24,-603.15. Of these payments, all were made before the 26th of June, the date of service of process, except the sum of $420.98 for supplies for June, and the sum of $7,372.12, laborers' wages for the same month. If we exclude the sum for supplies paid after the service of process, and allow the garnishee nothing for that, and include the sum paid for wages of laborers on the ground that he had become legally liable for such payment, it will be seen that there was nothing whatever due or to become due to the contractors, but that they were in fact largely overpaid the full price called for by the contract at the time the process was served.

The question whether the defendant is to be protected for the $7,372.12, laborers' wages paid after the service of the process, is a very simple one. The written contract between him and the judgment debtors, Doton & Bennett, expressly authorized him to pay the laborers employed by them in the prosecution of the work and to take the receipts of such laborers, which should be deducted as so much paid upon the contract. In pursuance of such authority the defendant had promised the laborers that he would pay them, at the time of their employment and before they had performed the labor, and, of course, before any process of garnishment was served

upon him.   The authority contained in the contract was equivalent to a request on the part of the contractors to the defendant to pay so much money which he owed them to their creditors, the laborers, which when he had promised the laborers to do, and they had given their assent, it became a binding obligation or contract between him and them or each of them, not avoided by the statute of frauds nor in any manner affected by its provisions.   The promise or promises made to the laborers differed not at all in principle from those upheld in *Putney v. Farnham, Garnishee*, 27 Wis., 187.

It appearing from the evidence, therefore, which is clear and uncontradicted, that there was nothing due from the garnishee to the principal debtors when the process was served, it is immaterial what errors, if any, were committed by the court in the charge to the jury.   The plaintiff could not have been prejudiced, since the jury could not have found otherwise than for the defendant.   The court might very properly have so instructed them.

*By the Court.* — Judgment affirmed.