Yates and another vs. Bachley.

## YATES and another VS. BACHLEY.

33    185
111   ²302

(1) *Form of exception.* (2–4) LANDLORD AND TENANT ; *Refusal of landlord to execute written lease. When tenant can recover value of improvements. What constitutes an eviction.*

1. An *exception* " to the charge, and to each and every part thereof, and to the whole thereof, and also to " a particular, specified portion of such charge, *held* inoperative except as to the part specifically described.
2. A tenant in possession under a verbal lease, who puts permanent and valuable improvements on the land under a promise of a written lease, is not entitled to recover the value of such improvements merely because the landlord refuses to execute the written lease, where there has been *no eviction.*
3. Where the landlord accompanied his refusal to execute the written lease by a statement that he would want the land the next year for his own use, *it seems* that if the tenant had thereupon surrendered the possession, this would have been *equivalent to an eviction.*
4. But where the tenant retained the possession until he sold the house on said land (which house belonged to him), and then procured of his landlord the acceptance of his vendee as tenant in his place, he cannot be held to have been evicted.

APPEAL from the County Court of *Milwaukee* County.

The plaintiffs appealed from a judgment in defendant's favor. The case is stated in the opinion.

*Davis & Flanders* and *Peter Yates*, for appellants :

1. Improvements made on lands used for agricultural purposes, by a tenant, under a verbal lease, are presumed to be made for his own convenience. The improvements made in this case were merely temporary ones, made for defendant's own comfort and benefit ; and he cannot recover therefor. *Edgerton v. Page*, 1 Hilt., 320 ; *Yates v. Martin*, 1 Chand., 118. 2. The defendant was not evicted by *Mrs. Yates* or her agents. There must be an actual eviction to justify the tenant in leaving the premises and setting up such eviction as a defense to an action for the rent. *Tiley v. Moyers*, 43 Pa. St., 404 ; *Edgerton v. Page*, *supra.* 3. Where an agreement has been entered into by the

Yates and another vs. Bachley.

parties for a written lease for a term of years, and the lessee has entered into possession of the premises, or has paid the rent as it became due, courts have held that there was a tenancy from year to year, or for the terms at which rent became due. In this case the rent was payable annually. The first year's rent had been paid by defendant, and he held the premises as a tenant from year to year, and could not quit the same until the expiration of his term. *Sully v. Murray*, 34 Miss., 420 ; *Lockwood v. Lockwood*, 22 Conn., 425 ; *Barlow v. Wainwright*, 22 Vt., 88.

*Isaac S. Clark*, for respondents, argued, among other things : 1. That an eviction before rent became due, was a good defense to the whole demand. Taylor's L. & T., §§ 377, 653. 2. That " where the entry is under an agreement by the owner to execute a valid lease in writing for the term, and he afterwards, in bad faith, refuses to execute, repudiates the relation of landlord and tenant, and resumes dominion of the property, he is bound by his election, and has no remedy on an implied agreement for intermediate use and occupation." *Greton v. Smith*, 33 N. Y., 245 ; *Levy v. Brush*, 45 id., 589. 3. That the plaintiff's exceptions were of no avail except as to that part of the charge specifically named ; and that this part was correct. *Greton v. Smith, supra* ; Taylor's L. & T., § 374.

LYON, J. The action is for the use and occupation of certain premises in the county of Milwaukee, by the defendant, from May 1, 1869, to June 1, 1870.

It appears that the defendant owned a dwelling house on such premises, and entered into the occupation of the premises under a verbal lease from Dr. Wolcott (who then owned the same), May 1, 1868. He paid the agreed rent for one year to Dr. Wolcott, and the latter has since conveyed the premises to the plaintiff *Mrs. Yates*, in whose name alone the action was originally brought. The other appellant appears here as a party only because judgment was rendered against him in the

county court as surety in an appeal bond, pursuant to the statute.

The defendant alleges, and his testimony tends to prove, that his agreement with Dr. Wolcott was, that the latter should execute to him a written lease for the term of seven years, at the stipulated rent; that, relying upon the due execution of such lease, the defendant made valuable improvements upon the premises, of a somewhat permanent character, a portion of which were made at the request of Dr. Wolcott; and that the same were made with the expectation that he, the defendant, would be permitted to occupy the premises for the full term agreed upon; that in October, 1859, and after the premises had been conveyed to *Mrs. Yates*, the defendant applied to her husband and agent, Col. Yates, for such lease, but he refused to execute it, and told the defendant that he wanted the land the next year for his own use; and that thereupon, in November, 1869, the defendant moved his family off the premises, but left his house standing thereon until June following, when he sold the house to some person, and requested the plaintiffs to accept such purchaser as tenant in his place. It seems that such purchaser was so accepted as the tenant of the premises, in the place and stead of the defendant.

The foregoing allegations were interposed as a defense to the action, and also by way of counterclaim for the value of such improvements.

The jury found for the defendant, and assessed his damages at $85; upon which verdict judgment was duly rendered. The plaintiffs appeal.

The only exception which we find it necessary to notice, is as follows: "The plaintiff then and there duly excepted to the said charge to the jury, and to each and every part thereof, and to the whole thereof, and also to that part and portion thereof that charges that if the jury finds that there was a parol agreement for the lease for a term of years, and the plaintiff refused to carry out that agreement, the defendant might be

allowed, by way of counterclaim, what improvements he put upon the premises in expectation of such lease."

This exception only presents for review the portion of the charge to which it specifically relates, and is entirely inoperative as to the remainder of the charge. *Eldred v. The Oconto Co.*, decided at the present term, and cases cited. The portion to which sufficient exception was taken is as follows: "If you find that there was an agreement for a lease for a term of years, that the defendant went into possession under it, that the plaintiff refused to carry it out, and that defendant made improvements on the premises at the request of the plaintiff, or while so occupying the premises made improvements or did work by reason of such agreement, beyond what a tenant on such premises is bound to make or to do, then you must determine what, if anything, such improvements were reasonably worth, and give the defendant the benefit of it in making your verdict."

This instruction is erroneous, in that it makes the plaintiff, *Mrs. Yates*, liable to pay for the improvements made by the defendant because she refused to execute a lease for seven years, regardless of the question whether the defendant was or was not evicted from the premises. The defendant was not so evicted. It is probable that had he surrendered possession on the intimation of Col. Yates that he intended to occupy the premises the next year, this would have been equivalent to an eviction. But he did not do so. On the contrary he retained possession until he sold the house, and then procured the consent of the plaintiff to accept the purchaser thereof as tenant of the premises in his place. There was no interference with the possession of the defendant. No case is cited in which a landlord has been held liable to pay for improvements made by a tenant under an agreement for a lease, merely because the landlord has refused to execute the lease, where the possession of the tenant has not been disturbed.

For these reasons the judgment of the county court must be reversed, and a new trial awarded.

*By the Court.*— So ordered.

The respondent moved for a rehearing.

Lyon, J. In the statement of facts made in the opinion heretofore filed in this case, it is said that Dr. Wolcott was the owner of the premises, for the use and occupation of which this action was brought, when he leased the same to the defendant, and that he afterwards conveyed the same to the plaintiff *Mrs. Yates.* This is an error. *Mrs. Yates* was the owner at that time, and Dr. Wolcott made the contract of leasing with the defendant as her agent.

The error is, however, quite immaterial. The judgment of the county court was reversed because the judge instructed the jury, in substance and effect, that if there was an agreement for a lease for a term of years, under which the defendant went into possession of the premises, and if the plaintiff *Mrs. Yates* refused to carry out such agreement, that is, if she refused to execute such lease, the defendant might recover the value of certain improvements made by him on the premises, on the faith of such agreement. . We held that the mere refusal to execute the lease was not alone sufficient, but that no recovery could be had for the improvements unless the defendant had been evicted from the premises.

The most that can be successfully claimed for the defendant is, that the testimony as to whether there had been such eviction, was conflicting. Certainly there was testimony tending to show that the defendant had not been disturbed by the plaintiffs in his possession of the premises. If the testimony was conflicting on this controlling question of fact, it should have been submitted to the jury to determine the question. We still think that the judgment of the county court was properly reversed.

*By the Court.*— Motion denied.