BASS vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

EXCESSIVE DAMAGES: COMPENSATORY AND EXEMPLARY DAMAGES. *(1, 2)*
    *Setting aside verdict for excessive damages. (3) Case stated; damages*
    *for personal injuries held excessive. (4) Effect of former verdict for*
    *same sum. (5) Exemplary damages, when allowable. (6) When ver-*
    *dict must be treated as for compensatory damages only.*

1. The circuit courts of this state have the power, and it is their duty, to set aside verdicts awarding excessive damages.
2. Verdicts are not to be set aside as excessive merely because the court would be better satisfied if the damages were assessed at a less sum, but only when it is clear that they are materially greater than the evidence will justify.
3. In this case the jury might have found from the evidence that the plaintiff, as a passenger on defendant's train, being unable to find a seat elsewhere, except in a filthy smoking car, peaceably and lawfully, and without being forbidden, entered the ladies' car, in which there were many

Bass vs. The Chicago & Northwestern Railway Company.

vacant seats, and, when about to occupy one of these, without having been first requested to leave the car, was rudely and violently seized by the defendant's brakeman, and forcibly thrust from the car to the platform; that the train was then crossing a river, though, from the construction of the platform, the peril to plaintiff from that circumstance was slight; that the assault was committed in the presence of a number of ladies and gentlemen; that plaintiff's cane, and a ring on one of his fingers, were broken, and the broken ring cut the finger to the bone, making a ragged wound; that the back of one of his hands was lacerated or bruised so that blood flowed from the wound; and that one arm was somewhat bruised, and showed extravasation for three weeks thereafter. Under instructions which did not allow *exemplary* damages, plaintiff had a verdict and judgment for $4,500. *Held*, excessive.

4. The fact that on a former trial of the cause the jury awarded the same amount of damages, has no force to sustain the present verdict, it appearing that the jury were permitted by the court on such former trial to award *exemplary* damages.

5. There was evidence on the present trial tending to show that after defendant had notice that its brakeman had committed the injuries complained of, it retained him in its service, and promoted him to a position of greater responsibility. *Held*, that if this was done with knowledge of the manner and circumstances of the assault alleged in the complaint, it might be such a ratification of the brakeman's acts as to authorize the jury, in its discretion, to award exemplary damages; and they should have been so instructed.

6. But, no such instruction having been given, the verdict must be treated as one for compensatory damages only, and must be set aside as excessive.

APPEAL from the Circuit Court for *Rock* County.

This case was before this court on a former appeal; and in the report thereof, in 36 Wis., 450, will be found a statement of the pleadings, and also of the testimony given on the first trial of the action. On that appeal, the judgment for the plaintiff was reversed for error in the instructions given to the jury; and the cause was again tried. The testimony on the last trial was substantially a repetition of that given on the former trial. To the statement of the case on the former appeal (which will not here be repeated), it is only necessary to add that the complaint contains the averment, not denied in the answer, that the plaintiff is, by profession, an attorney-at-law; and that it was proved on the trial that

because of weakness of his ankles, he has been lame in both feet from his childhood, so that in walking he is obliged to use a cane, and is unable without support to bear his weight on either foot; also, that by reason of a fracture of his left arm near the elbow, which fracture was never reduced, he has but little use of that arm.

The circuit judge instructed the jury, *inter alia*, that if the plaintiff was entitled to recover, he could only recover compensatory damages. The jury found for the plaintiff, and assessed his damages at $4,500. A motion for a new trial was denied, and judgment was entered pursuant to the verdict. One of the grounds assigned in support of the motion for a new trial was, that the jury awarded excessive damages.

The defendant appealed from the judgment.

*William Ruger*, for appellant, argued, among other things, that the damages were excessive, and a new trial should have been granted for that reason; citing *Craker v. Railway Co.*, 36 Wis., 678; *Canning v. Inhabitants of Williamstown*, 1 Cush., 451; 2 Greenl. Ev., § 267; Sedgwick on Dam. (4th ed.), 31–33, 545; *Wilson v. Young*, 31 Wis., 574; *Day v. Woodruff*, 13 How. (U. S.), 371; *Wade v. Leroy*, 20 id., 34; *Railway Co. v. Sutton*, 53 Ill., 399–400; *Prentice v. Shaw*, 56 Me., 427; *Railway Co. v. Kelley*, 7 Casey, 379; *Lombard v. Chicago*, 4 Biss., 460; *Dressler v. Davis*, 7 Wis., 528; *Fairbanks v. Witter*, 18 id., 287–8; *Pickett v. Crook*, 20 id., 358; *Strahlendorf v. Rosenthal*, 30 id., 675; *Wheeler v. Westport*, id., 392; *Jaquish v. Ithaca*, 36 id., 112–113; *Rogers v. Henry*, 32 id., 327; *Hamlin v. Spaulding*, 27 id., 360; *Bonesteel v. Bonesteel*, 30 id., 512, 516; *City of Ripon v. Bittel*, id., 615–616; *Railway Co. v. Hunter*, 11 id., 160, 164; *Blair v. Railway Co.*, 20 id., 254, 256; *Weisenberg v. Appleton*, 26 id., 56; *Goodno v. Oshkosh*, 28 id., 300; *Spicer v. Railway Co.*, 29 id., 580; *Schmidt v. Railway Co.*, 23 id., 186; *Patten v. Railway Co.*, 32 id., 524, 535, 536; *City of Decatur v. Fisher*, 53 Ill., 407; *Pullman Palace Car v. Reed*, — id.,

—; *Railway Co. v. Parks*, 18 id., 460; *Railway Co. v. Vanatta*, 21 id., 188; *Peck v. Railway Co.*, 11 N. Y. S. C., 236; *Turner v. Railway Co.*, 34 Cal., 594; *Tarbell v. Railway Co.*, id., 616; *Theobald v. Railway Co.*, 26 Eng. L. & E., 438; *Pearson v. Duane*, 4 Wall., 605.

*J. W. Bass* and *H. S. Orton*, for respondent:

1. The defendant, by retaining the offending servant in its employ, has ratified his acts, and so made itself liable for exemplary damages. *Craker v. Railway Co.*, 36 Wis., 676. 2. In respect to compensatory damages, the court below followed the rule laid down in *Craker v. Railway Co.* 3. The verdict should not be set aside as excessive. Verdicts in such cases will not be set aside by the court unless it is clear that the decision of the jury evinces a mistake in principle, or that they were carried away by passion, corruption or prejudice. *Birchard v. Booth*, 4 Wis., 76; *Duberly v. Gunning*, 4 Term, 651; *Hewlett v. Cruchley*, 5 Taunt., 277; *Craker v. Railway Co.*, supra; *Chenowith v. Hicks*, 5 Ind., 224; *Blanchard v. Morris*, 15 Ill., 35; *Creed v. Fisher*, 26 Eng. L. & E., 384; *Baker v. Briggs*, 8 Pick., 122; *Treanor v. Donahoe*, 9 Cush., 228; *Jacobs v. Bangor*, 4 Shepley, 187; *Lang v. Hopkins*, 10 Ga., 37; *Fish v. Roseberry*, 22 Ill., 288. An appellate court will be slow in granting a new trial on that ground alone, when the court below is satisfied with the verdict. *Tullidge v. Wade*, 3 Wils., 18; *Redshaw v. Brooks*, 2 id., 405; *Huckle v. Money*, id., 205; *Bennett v. Alcott*, 2 Term, 166. A new trial on this ground is rarely granted in cases of personal torts. *Cook v. Hill*, 3 Sandf., 341; *Torre v. Summers*, 2 N. & McC., 267; *Gilbert v. Burtenshaw*, Cowp., 230; *Smith v. Woodfine*, 1 C. B., N. S., 661; *Chambers v. Robinson*, 1 Str., 691; *Clerk v. Udall*, 2 Salk., 649; *Macon R'y v. Winn*, 26 Ga., 250.

LYON, J. It is the law of this state, settled by numerous adjudications of this court, that the circuit courts have the power

and, on proper applications, it is their duty, to set aside verdicts which award excessive damages. If the damages awarded in this case are excessive, the motion for a new trial should have been granted.

Are the damages excessive? Or (stating the question in another form), is the amount awarded by the jury ($4,500) so far in excess of just compensation to the plaintiff for the injuries he suffered at the hands of defendant's agents and employees, as to render it the duty of the court to set aside the verdict? For, although the court may think that the jury have awarded damages somewhat too liberally, and would be better satisfied had they been assessed at a less sum, still the verdict should not be disturbed unless it is clear that the damages awarded are materially greater than the evidence will justify.

The testimony tends to show, and the jury may properly have found therefrom, that, being unable to find a seat elsewhere, except in a filthy smoking car, the plaintiff peaceably and lawfully entered the ladies' car, in which there were many vacant seats, and, when about to occupy one of these, was rudely and violently seized by the defendant's brakeman, who, aided by a volunteer, forcibly thrust the plaintiff from the car to the platform; that the train was then crossing Fox river in the city of Oshkosh; that the plaintiff was not first requested to leave the car, or forbidden to enter it; that the assault was committed in the presence of a number of ladies and gentlemen; that the plaintiff's cane and a ring on one of his fingers were broken, and the broken ring cut the finger to the bone, making a ragged wound; that the back of one of his hands was lacerated or bruised so that blood flowed from the wound; and that one arm was somewhat bruised, and showed extravasation for three weeks thereafter.

Under the instruction given by the court, the jury could not properly award exemplary damages, and the verdict must necessarily be considered as for compensatory damages only.

The mere bodily injuries which the plaintiff received were transient in their effects and comparatively slight, and manifestly but a very small portion of the damages awarded to him could have been given for those injuries. Neither could any considerable amount of damages have been awarded for personal peril, because it is satisfactorily proved that the platforms of the cars were so constructed that the plaintiff was in little or no danger of falling from the train. The damages must have been given, chiefly, for the mental sufferings of the plaintiff — the vexation and anxiety — the sense of wrong and insult — produced by the acts of the brakeman.

In the case of *Craker v. Railway Co.*, 36 Wis., 657, the plaintiff was a female, and the injury of which she complained, and which she proved, was, that the conductor of the defendant's train of cars on which she was a passenger, committed an indecent and most outrageous assault upon her person. The assault was committed, however, under circumstances, and was followed by circumstances, which limited the liability of the defendant to compensatory damages. Under the rule above stated, we sustained a verdict in that case for $1,000, but with some hesitation, for we inclined to the opinion that the jury had awarded too liberal damages. True, the bodily injury and perhaps the personal peril were somewhat greater in this case; but the mental suffering of Miss Craker, caused by the gross insult to her womanhood, was certainly as intense as that endured by the plaintiff.

Mental suffering was the principal ground for damages in both cases; and if $1,000 was a liberal allowance in one case, it must be that $4,500 is an excessive allowance in the other. But, without regard to the case of *Craker v. Railway Co.*, the damages awarded in this case seem to us to be much above reasonable, even liberal, compensation for all the injuries which the plaintiff suffered.

On the first trial of this action, the plaintiff recovered the same damages, to wit, $4,500; and this is urged as a reason

why the last recovery should not be disturbed.   There would be much force in the position, were it not for the fact that on the first trial the jury were instructed that they might award exemplary damages if they found certain facts to exist which the testimony tended to prove.   This instruction will be found in the argument of counsel for the appellant on the former appeal.   36 Wis., 455.   Hence, exemplary damages might have been, and doubtless were, awarded on the first trial. The difference between the rule of damages then laid down and that which was given to the jury on the last trial of the cause, is fatal to the argument; for it destroys the effect which might otherwise result from the fact that two juries have awarded the same damages.

But it was further argued by the learned counsel for the plaintiff, that, notwithstanding the court restricted the recovery to actual or compensatory damages, there was sufficient testimony in the case to justify an award of exemplary damages, and that the verdict should be dealt with as though it were a verdict for exemplary as well as compensatory damages.

The testimony tended to prove that after the defendant had notice that its employee had committed the wrongs and injuries complained of, it retained the offending brakeman in its service, and promoted him to a position of greater responsibility.   If the defendant did so with knowledge that its brakeman had assaulted the plaintiff and forcibly ejected him from the car in the manner and under the circumstances alleged in the complaint, that might be such a ratification of the act of the brakeman as would have authorized the jury, in its discretion, under proper instructions, to award exemplary damages against the defendant.   We think the learned circuit judge should have so instructed the jury.   Had he done so, our opinion is that the second recovery of $4,500 could not properly be disturbed.   The difficulty in the way of sustaining such recovery on the present record is, that we cannot know that a jury, with the same proof before it, and acting

under proper instructions, would award $4,500 damages. We cannot sustain the recovery unless we hold that the plaintiff is absolutely entitled to recover exemplary damages, and that his damages ought not to be assessed at less than $4,500. We can affirm neither of these propositions.

We are very reluctant to reverse this judgment and thus protract the litigation; for we greatly doubt whether such reversal will result in any benefit to the appellant. But we have no alternative.

*By the Court.* — The judgment is reversed, and the cause remanded for another trial.