LOMBARD v. THE C., R. I. & P. R. Co.

1. **Instruction**: WHEN EXPLAINED BY ANOTHER. Where an instruction expresses a correct proposition of law, but one which needs to be explained, amplified or qualified by another, it will not be presumed that the jury is misled if the other proposition is expressed in a different instruction.

2. **Negligence**; PERSONAL INJURY: RAILROADS. Where a hand car upon which an employe was riding was overtaken by another running at a high rate of speed, and the employe was injured, the brakeman of the second car failing to apply the brakes, although signaled to do so by the person in charge of the car, *held* that when the signal was not understood it was the duty of the foreman to have spoken to the brakeman, and that his failure to speak constituted negligence giving the injured employe a right of action.

3. **Damages**: MEASURE OF: PERSONAL INJURY. An employe of a railroad company having recovered four thousand dollars for a broken leg, to which it appeared from the evidence that no permanent injury had been done, it was *held* that the amount should be reduced to two thousand five hundred dollars. BECK, J., *dissenting*.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 15.

ACTION to recover for personal injuries. The plaintiff, a minor, was employed by the defendant in repairing its road bed. At the time of the accident the plaintiff was assisting in running a hand car. He was one of several employes who had that day been repairing the road bed and were returning to dinner. They occupied three hand cars; the plaintiff was riding upon the foremost one; the accident occurred by the second car overtaking the first car and running upon and

against it, and throwing it partly from the track; the plaintiff was thrown off and his leg was broken.

The defendant for answer denies all negligence on its part, and avers that the plaintiff contributed to the injury by his own negligence. Trial by jury. Verdict for the plaintiff for $4,000. Defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Williams & Donovan,* for appellee.

ADAMS, J.—I. The defendant assigns as error the giving of an instruction which is in these words: "4. If the jury find from the evidence that the injury complained of was caused by the negligence of the employes of the defendant, and that the injuries received by the plaintiff were caused thereby, and without the negligence of the plaintiff contributing to the same, then the plaintiff is entitled to recover."

<div style="margin-left:2em">1. INSTRUC-<br>TION; when<br>explained by<br>another.</div>

The defendant's theory of the case is that the accident was caused by racing; that the men with whom the plaintiff was employed had been in the habit of racing; that the plaintiff knew it and participated in it and remained in the employment without objection. Evidence was introduced by the defendant for the purpose of proving such facts.

The foregoing instruction is objected to because it does not distinctly recognize that theory. It is claimed that it is not enough to require the jury to find as a condition of a verdict in favor of the plaintiff that he did not contribute to the injury, for although his remaining in the employment, under the circumstances mentioned, would be contributing to the injury, yet the jury might not so understand it, and that the instruction therefore was not sufficiently explicit.

In another instruction given by the court the defendant's theory as to how the plaintiff contributed to the injury is set out, and the jury is required to pass upon it. The only question then is as to whether that is sufficient. It seems to us that it is. It is not proper for a jury to reach a conclusion upon reading any one instruction, but upon reading the whole.

Where, therefore, an instruction expresses a correct proposition of law, but one which needs to be explained, amplified or guarded by some other proposition, we cannot ordinarily presume that the jury is misled if the other proposition is expressed in a different instruction.

II.   The defendant asked an instruction which is in these words: "If you believe from the evidence that the accident of which the plaintiff complains was caused by the racing of the hand cars, and that such racing had been indulged in by these gangs previously, and while plaintiff was there employed with his knowledge or participation, and that he did not object thereto, then such racing would not be negligence of which plaintiff could complain, and defendant would not be liable to him therefor."   The court refused to give this instruction, and gave one in the following words: "If you believe from the evidence in this case that the accident of which the plaintiff complains was proximately caused by the men upon the several hand cars racing or running each other into town, that is by their struggling with each other to see whether one car could keep ahead of another or overtake it, and that such racing or struggle was habitual, and that plaintiff contributed to the establishment of said habit, or took part in it after it was established with knowledge of its existence, without complaint or protest to the defendant, then he cannot recover in this action."

The two instructions differ in this, that the one given holds that *participation* in the habit would preclude the plaintiff from recovering, while the one asked holds that he would be precluded by mere *knowledge*.   It is insisted that the instruction asked is correct, and that the defendant was prejudiced by its being refused.   Whether it is correct or not we need not determine.   The undisputed evidence shows that whatever racing had been previously done the plaintiff had participated in.   There is no pretense that under the evidence the jury could have found knowledge on the part of the plaintiff without finding participation.   We think, therefore, that the defendant was not prejudiced.

III.   It is insisted that the verdict is contrary to the evi-

dence. It is claimed that the evidence shows conclusively that

2. NEGLIGENCE: personal injury: railroads. the accident was caused by racing. But this position is, we think, not well taken. The undisputed evidence is that the forward car on which the plaintiff was riding was running comparatively slow. The testimony of the plaintiff is as follows: "We were running slow, and they (the men on the second car) were running fast at the time of the accident. Our car was moving, I should judge, about two or three miles an hour." One McDonald says: "I think a hand car can be made to run at least ten miles an hour." One Taylor, who was on the second car, says of the second car: "It was running more than seven or eight miles an hour." He also says: "The forward car was going very slow when we struck them." One Kearney, who was on the second car, says: "The car in front was running pretty slow. We were running very fast." This evidence is corroborated by the manner of the accident. The second car overtook the forward car and mounted it. If there was a race between the two cars, it was certainly an extraordinary one.

But there is other evidence tending to show that there was no race between the two cars at the time of the accident. The person in charge of the forward car signalled to the person in charge of the second car to put on brakes. We can hardly conceive what fair competition could be expected between two cars, the one running without brakes on, and the other with. It is very easy to discover how the accident occurred. It is not necessary to introduce the element of racing to account for it. It occurred from an attempt to run a hand car over the road at the rate of seven or eight miles an hour when there was another car ahead of it running at about half that speed.

The fault consisted in not applying the brakes on the second car when the signal was given. The cars were then from fifteen to twenty rods apart. The evidence shows that a hand car when running at its full speed can be stopped in the length of one rail. Its speed can of course be diminished instantaneously. The brake was not applied because the brakeman did not observe the signal. The person in charge of the car did observe it, and undertook to communicate the signal to the

brakeman, but he did it by motion, merely, and was not under-
stood. He should have spoken to the brakeman and made him-
self understood. In failing to do so he was guilty of carelessness.
The jury might well have believed that that was the proximate
cause of the accident, and we should not be justified in setting
the verdict aside.

IV. It is objected by the defendant that the verdict is ex-
cessive, and this objection we think is well taken. The plain-
tiff's leg was broken. The verdict was for four thousand dollars.
Upon the trial a surgeon, examined as an expert, said: "The
condition of his leg now is as good as the best of them. There
is no permanent effect left whatever." There was other evi-
dence tending to show that the recovery was not yet complete,
and some evidence tending to show that it was uncertain
whether it ever would be. Five surgeons and the plaintiff were
examined in regard to the injury. Taking the testimony as a
whole, it seems to show that a complete recovery had not taken
place, but might confidently be expected. One surgeon exam-
ined as a witness says: "These simple fractures sometimes
result in a permanent effect upon the limb. But this is the
exception in persons of his age. The rule is that the recovery
is complete. A simple well united fracture usually recovers
entirely, and in this case there seems to have been such a result."
The same surgeon, however, admits that he found some tender-
ness.

We cannot avoid the conviction that if the defendant had
been other than a corporation the verdict would have been less.
It follows that, in our judgment, the jury was influenced by
prejudice. The plaintiff may take a judgment for $2,500, if
he shall elect to do so within sixty days, otherwise the judg-
ment of the court below will be

REVERSED.

Mr. Justice Beck dissents in relation to the reduction of the
judgment, and thinks that the judgment of the court below
should be affirmed.