CORCORAN VS. HARRAN.

*April 7 — May 10, 1882.*

ASSAULT AND BATTERY. *(1) Mitigation of damages.*
EXCEPTIONS: *(2–5) To instructions given to the jury.*
COURT AND JURY. *(6, 7) Interference with verdict, as for excessive damages.*

1. The fact that an assault and battery were induced by personal abuse of the assailant by the party assaulted, may be considered in mitigation of *punitory*, but not of *actual*, damages, which include those allowed for mental and bodily suffering.

Corcoran vs. Harran.

2. A general exception to a charge embracing several propositions is of no avail if any of the propositions are correct.

3. Where an exception to a certain portion of the charge, "and each and every part thereof," states the ground upon which it is made, the only question on appeal is whether that part of the charge was erroneous *on that ground.*

4. An exception to the charge, or a part of it, on the mere ground that it is "indefinite and uncertain," is of no avail where the appellant has not asked for more definite instructions.

5. An instruction to the jury to " consider the case fairly and candidly, and give the plaintiff such amount as you think reasonable and just under the circumstances," *held*, not to have left them at liberty to find a verdict according to their own notions, without regard to the evidence.

6. In actions of tort, as well as those upon contract, where the damages allowed by the jury are clearly excessive, the trial court may either grant a new trial absolutely, or permit plaintiff to remit the excess, and, in case he does so, order the verdict to stand for the residue. But the damages allowed by the verdict should not be treated as excessive, unless they are such as to create the belief that the jury may have been misled by passion, prejudice or ignorance.

7. Where (as in this case) the trial court erred in interfering with the verdict, the *defendant* cannot complain of an order permitting it to stand for a less sum.

APPEAL from the Circuit Court for *Kewaunee* County.

This was a civil action for an assault and battery, and was commenced in justice's court, where plaintiff recovered a judgment for $100 damages. Defendant appealed to the circuit court. On the trial there, certain portions of the instructions given to the jury were excepted to by the defendant. Two of these portions are fully recited in the opinion. The others were as follows: (3) "You should consider the case fairly and candidly and give the plaintiff such amount as you think reasonable and just under the circumstances." (4) "If you believe that the assault was committed by the defendant wilfully and maliciously, you ought to give such damages, in addition to a full compensation for the injury received, as in your opinion will be sufficient to punish the defendant and

deter others from such wrong." The jury awarded the plaintiff $200 damages. Defendant having moved for a new trial, the circuit court permitted plaintiff to remit $100 from the amount of the verdict, and thereupon denied the motion. From a judgment entered in plaintiff's favor for $100 damages, the defendant appealed.

For the appellant there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

For the respondent the cause was submitted on the briefs of *Tracy & Bailey*.

CASSODAY, J.    1. It is urged as error that the court, among other things, charged the jury that "personal abuse, which may have had something to do with inducing and bringing upon another an assault, may be considered by a jury in mitigation of damages. But a man commencing an assault and battery under such circumstances is liable for the actual damages which result from such assault. The abusing words are no justification for the blows, and may be considered, as I have said, in mitigation of damages, but not actual damages." This portion of the charge is clearly within the rule recognized and followed in *Fenelon v. Butts*, 53 Wis., 344, where it was held, that: "7. It is the settled law of this state that, while proof of defendant's good faith is admissible to mitigate punitory damages, it cannot be considered to mitigate compensatory damages, including those allowed for injury to the feelings."

2. It is also urged as error that the court, among other things, charged the jury as follows: "In this case the plaintiff must recover. The only question which you have further to consider is, How much, under the circumstances, shall it be? He is entitled to recover, *first*, the actual damages which the evidence shows he has sustained for his loss of time, and the pain and suffering which were the result of such assault; and *second*, in addition to such actual damages, such sum as

in your judgment is reasonable and just by way of punishment, as an example to the defendant and others, to deter him and others from committing such acts." Had this portion of the charge been excepted to on the ground that the court directed the jury to give the plaintiff punitive damages in addition to actual damages, we probably would have sustained it; but no such exception was taken. The language used in the exception is this: "The defendant excepts to so much of the charge as reads (here quoting the same), and each and every part thereof, because it is very improper in not distinguishing pain and suffering from the actual damage; and in the effect of the same, this further damage, viz., pain and suffering, defendant could not have the benefit of the mitigating circumstances if any existed." So far as this exception is general in its terms, it must be disregarded, for the simple reason that the portion of the charge quoted which relates to actual damages was substantially correct, and it is well settled that a general exception to a portion of a charge embracing more than one proposition is of no avail on review if any one of the propositions is correct. *Butler v. Carns,* 37 Wis., 61; *Sabine v. Fisher,* 37 Wis., 376; *Nisbet v. Gill,* 38 Wis., 657. But this exception is based wholly on the ground that the court failed to distinguish pain and suffering from actual damage, and thereby prevented the defendant from having the benefit of reducing the amount of the damages arising from pain and suffering by mitigating circumstances. But that is the very question determined adversely to the defendant in *Fenelon v. Butts, supra.* It is there held that they are not distinguishable. We must therefore hold that where an exception to a portion of a charge expressly states the ground upon which it is made, it must be treated as a special exception upon the ground stated; and where such exception is stated to be upon one ground, which cannot be sustained, it will not be enlarged and extended so as to serve as an exception upon another and different ground

which might have been sustained.    *Miles v. Ogden*, 54 Wis., 573.

Where an exception is to a portion of a charge quoted, and to each and every part thereof, upon a particular ground specified, it will be held inoperative except as to the ground particularly specified.    *Yates v. Bachley*, 33 Wis., 185.

3.  The same observations are applicable to the third exception to a portion of the charge, and particularly to the fourth exception to a portion of the charge, which may have been subject to the objection of directing punitive damages in addition to compensatory damages, had the same been excepted to on that ground.    Each of these two portions of the charge may be regarded as somewhat general in its terms, but we do not think that either is obnoxious to the criticism that it gave the jury liberty to find a verdict according to their own notions of right and wrong, regardless of the evidence in the case.    On the contrary, we think the jury were bound by their oaths to regard what was said to them by the court in his charge as having reference only to the case, and the evidence given therein on the trial before them.    Certainly, if the defendant desired more definite instructions, he should have so requested; and, not having done so, he cannot be heard to complain without exception on the ground that the portion of the charge given was indefinite and uncertain.    *Trowbridge v. Sickler*, 54 Wis., 306; *Stilling v. Town of Thorp*, id., 528.    It is true, as stated by counsel, that the court nowhere told the jury that punitive damages might be wholly defeated; but it is also true that the court was not requested so to charge, and hence, for the reasons given, such omission is not ground for reversal.

4.  The court had charged the jury that "the fact that fines have been imposed, and he (the defendant) has been punished by the state, may be taken into consideration by the jury in mitigation of the damages;" and counsel urge that the portion of the charge respecting punitive damages left it doubt-

Corcoran vs. Harran.

ful where the reduction would come in for fines and punishment already had for the same offense. But, as already indicated, the best method of preventing the jury from being misled by a doubtful portion of a charge is to request an instruction upon the subject which is not doubtful. Besides, it has been held by courts entitled to great respect that " the imposition of a fine in a criminal proceeding for assault and battery will not bar or mitigate the party's liability to exemplary damages in a civil suit for the same act." *Hoodley v. Watson*, 45 Vt., 289; *Cook v. Ellis*, 6 Hill, 466; *Mc Williams v. Bragg*, 3 Wis., 424; *Brown v. Swineford*, 44 Wis., 282. This ruling, however, is merely suggested, as the question is not necessarily before us for consideration.

5. Should the judgment be reversed because the plaintiff, on the defendant's motion for a new trial for excessive damages, was allowed to remit $100 from the amount of the verdict, and have judgment for the balance, with costs? In urging that the court had no such power, counsel cite, among other cases, *Potter v. Railway*, 22 Wis., 619; *Goodno v. Oshkosh*, 28 Wis., 306; *Nudd v. Wells*, 11 Wis., 415. In *Potter v. Railway* the trial court refused to set aside the verdict, and this court was asked to allow the plaintiff to remit whatever should be deemed an excess of damages; but it declined to exercise any such power, and sent the cause back for a new trial, with certain advisory remarks. The same course was followed in *Goodno v. Oshkosh*. See also *Bass v. Railway*, 39 Wis., 636; *Page v. Sumpter*, 53 Wis., 652; *Cassin v. Delany*, 38 N. Y., 178. But that question is not in this case; for here the deduction was allowed by the trial court. The right to allow such deduction in cases where the amount could be readily ascertained from the evidence with certainty, would not, we presume, be questioned; but whether the power exists in actions of tort, where the amount which should be deducted cannot be ascertained

with any degree of certainty, is a question upon which the authorities are by no means uniform.

*Nudd v. Wells, supra,* was an action against an express company to recover damages for the non-delivery of a box of machinery, and the plaintiff obtained a verdict of $1,087; and a motion to set aside the verdict and for a new trial was granted, unless the plaintiff consented to reduce the verdict to $821.21, which he did, and judgment was entered thereon accordingly, and the defendant appealed to this court. In giving the opinion of the court Mr. Justice PAINE said: "The practice of remitting where the illegal part is clearly distinguishable from the rest, and may be ascertained by the court without assuming the functions of the jury and substituting its judgment for theirs, is well settled. . . . But it ought not to be carried so far as to allow the court, when a jury has obviously mistaken the law or the evidence, and rendered a verdict which ought not to stand, to substitute its own judgment for theirs, and, after determining upon the evidence what amount ought to be allowed, allow the plaintiff to remit the excess, and then refuse a new trial." And then, after conceding that there were two authorities *(Collins v. Railway,* 12 Barb., 492, and *Clapp v. Railway,* 19 Barb., 461), sustaining that view, and expressing some doubt as to whether there was any evidence that the value was the precise sum named by the court, he continued: "But without determining whether the court might properly have done this (determine the true value of the machine) consistently with the rule above laid down, we think it was mistaken in the rule of damages which it finally allowed." Thereupon the court reversed the cause upon other grounds, and hence the question suggested was not determined.

In *Blunt v. Little,* 3 Mason, 102, the plaintiff obtained a verdict of $2,000 in an action for malicious arrest, and on motion for a new trial on the ground that the damages were

excessive, Mr. Justice STORY, before whom the cause was tried, said: " After full reflection, I am of opinion that it is reasonable that the cause should be submitted to another jury unless the plaintiff is willing to remit $500' of his damages. If he does, the court ought not to interfere farther." Page 107. A similar practice was followed in *Diblin v. Murphy*, 3 Sandford, 19; *Collins v. Railway Co.*, 12 Barb., 492; *Clapp v. Railroad Co.*, 19 Barb., 461; *Murray v. Railroad Co.*, 47 Barb., 196; *McIntyre v. Railroad Co.*, 47 Barb., 515; *Sears v. Conover*, 3 Keyes, 113; *Hayden v. F. S. M. Co.*, 54 N. Y., 221; *Whitehead v. Kennedy*, 69 N. Y., 462; *Doyle v. Dixon*, 97 Mass., 208; *Woodruff v. Richardson*, 20 Conn., 238; *Jewell v. Gage*, 42 Me., 247; *Belknap v. Railroad*, 49 N. H., 358; *Durkes v. Town of Union*, 38 N. J. L., 23; *Yeager v. Weaver*, 64 Pa. St., 425; *Pendleton Street Railway Co. v. Rahmann*, 22 Ohio St., 446; *I. C. R. Co. v. Ebert*, 74 Ill., 399; *Lombard v. Railway Co.*, 47 Iowa, 494; *Collins v. Council Bluffs*, 35 Iowa, 432; *Kinsey v. Wallace*, 36 Cal., 462; *Guerry v. Kerton*, 2 Rich., 507; *Young v. Englehard*, 1 How. (Miss.), 19; *Davidson v. Molyneux*, 17 L. T. R., 289. These cases were mostly actions for tort. In some of them the reduction was allowed by the appellate court, but that would seem to be extending instead of limiting the rule. The reasoning in some of these cases would seem to be unanswerable. We shall make no attempt to add anything. The practice adopted by the trial judge is clearly sanctioned by the great weight of authority. We must therefore hold that, in actions of tort as well as contract, where the damages are clearly excessive, the trial judge may either grant a new trial absolutely, or give the plaintiff the option to remit the excess, and in case he does so order the verdict to stand for the residue. Certainly the practice will tend to promote justice and lessen the expense to litigants and the public. Besides, the allowance of such option is no more of an exercise of arbitrary power by the trial judge than it would be

Corcoran vs. Harran.

for him to set aside the verdict absolutely upon the sole ground that it is excessive, and then, in effect, direct a jury to bring in a verdict for a smaller sum, but not in excess of an amount named by the court.

But we are unwilling to say that the verdict, as returned in this case, was so excessive as to authorize the interference of this court. To authorize such interference it should appear from the evidence, to use the language of Mr. Sedgwick, that "the damages are so excessive as to create the belief that the jury have been misled either by passion, prejudice or ignorance. But this power is very sparingly used, and never except in a clear case." 2 Sedg. Dam. (601), 652. See *Bowe v. Rogers*, 50 Wis., 602. Since this is so, it is evident that the reduction was a favor to the defendant, of which he has no right to complain. Certainly a party against whom a judgment has been recovered cannot reverse it on the ground that it is less than it should have been. *Bammessel v. Ins. Co.*, 43 Wis., 463. Even in case of error, the judgment will not be reversed unless the error is such as might have prejudiced the appellant. *Jones v. Parish*, 1 Pin., 494; *Green v. Gilbert*, 21 Wis., 395; *Balliet v. Scott*, 32 Wis., 174; *Irish v. Dean*, 39 Wis., 562.

For the reasons given the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.