## HENRY K. ARMSTRONG vs. GEORGE B. W. RHOADS.

*Trespass vi et armis—Assault and Battery—Damages: Nominal, Compensatory and Exemplary—Words as Justification; In Mitigation—Previous Conviction.*

1. In an action for damages for an assault and battery where the defendant admits that he committed the assault and battery, the plaintiff is entitled, without further evidence, to recover a verdict for at least a nominal sum of six cents, or the like, although he may not have made proof of any actual injury; as it must be presumed in such case that he has sustained some damage.

2. Compensatory damages are such as adequately measure the actual loss, suffering and outlay, and are allowed as a pecuiary equivalent therefor. Exemplary or punitive damages are such as exceed the loss etc. sustained, and are given as a kind of punishment to the defendant with a view of preventing similar wrongs in the future.

3.  Although it is true that no words merely, whether spoken, written or printed, however insulting or opprobrious they may be, will *justify* an assault and battery, or an assault even; yet such words may be given in evidence under the general issue in mitigation of exemplary or punitive damages.  Such words may not, however, be given in evidence in mitigation of actual or compensatory damages.

4.  In a civil action for the recovery of damages for assault and battery, the previous conviction and fine of the defendant in a criminal action for the same assault and battery, is not admissible in evidence to mitigate the damages.

5.  The rule as to the measure of damages stated where compensatory damages only are claimed.

*(December  3,  1902.)*

JUDGES SPRUANCE and GRUBB sitting.

*John  Biggs* for plaintiff.

*John  H.  Rodney* and *Andrew  E.  Sanborn* for defendant.

Superior Court, New Castle County, November Term, 1902.

TRESPASS, *vi  et  Armis* (No. 126, November  Term, 1901).

GRUBB, J., charging the jury :

Gentlemen of the jury :—This is an action of trespass for assault and battery wherein the plaintiff seeks damages for injuries committed with direct and immediate violence to his person.

In this case the plaintiff Henry K. Armstrong alleges that the defendant George B. W. Rhoads, on October 19, 1901, committed upon him an assault and battery by striking him with a pitchfork, whereby he the plaintiff was seriously wounded and injured, and by reason thereof he suffered, and from thence hitherto has suffered great pain, and was hindered and prevented from performing and transacting his affairs and business, and was also obliged to expend a large sum of money in endeavoring to be cured of his wounds, sickness, etc.—to the great pecuniary damage of him, the said

Henry K. Armstrong, and for the recovery of which he brings this suit.

Damages may be nominal, compensatory or exemplary. Nominal damages are a trifling sum awarded where a mere breach of duty or infraction of the plaintiff's rights is shown, but no serious loss is proved to have been sustained.

Compensatory damages are such as adequately measure the actual loss, suffering and outlay, and are allowed as a pecuniary equivalent therefor.

Exemplary or punitive damages are such as exceed the loss, etc., sustained, and are given as a kind of punishment to the defendant with a view of preventing similar wrongs in the future.

In this suit the plaintiff claims compensatory damages and expressly disclaims any right or demand to or for exemplary or punitive damages; and accordingly the jury should refrain from considering the latter in reaching their verdict.

In order to recover in trespass for assault and battery, it is generally necessary for the plaintiff to prove to the jury's satisfaction by a preponderance of the evidence, that the alleged wrongful assault and battery was committed upon him by the defendant. But as the defendant has admitted in the present case that he committed the alleged assault and battery, the plaintiff will be entitled without further evidence to recover a verdict for at least a nominal sum of six cents, or the like, although he may not have made proof of any actual injury, as it must be presumed in such case that he has sustained some damage.

But where compensatory damages are claimed, as in this suit, if the plaintiff satisfactorily proves by a preponderance of the evidence that he has suffered actual damage by reason of the defendant's wrongful and unlawful assault and battery, then your verdict must be for the plaintiff, and for such adequate sum as will reasonably compensate him for the alleged injuries and outlays shown by the evidence to have been received or expended by him, having regard to the suffering and loss that he may hereafter sustain by rea-

son of said injuries, as well as to that already sustained by him, and including therein, if proven, his pain and suffering of mind and body, loss of bodily and mental powers, inability to perform ordinary labor, and incapacity to earn money in the past or in the future, and adequate compensation for actual nursing and medical expenses and loss of time, which are the immediate and necessary consequences of the injuries sustained by him.

In the case now before you the defendant has pleaded the general issue not guilty, but has not presented any special plea or defense of justification.

Under said plea of not guilty the defendant has sought to show by evidence, for the purpose of mitigating or reducing any actual damages proved in this case, that the alleged assault and battery was committed in the heat of blood and under the immediate provocation of the alleged insulting epithets and opprobrious language of the plaintiff which the defendant has endeavored to prove by his testimony in this case.

Although it is true that no words merely, whether spoken, written or printed, however insulting or opprobrious they may be, will *justify* an assault and battery, or an assault even ; yet it has been established by the courts of this State and elsewhere, that such words may be given in evidence under the general issue in mitigation of exemplary or punitive damages.

*Tatnall vs. Courtney, 6 Houst., 434.*

In the present case, as already stated, the plaintiff claims compensatory, but not exemplary or punitive damages. Consequently the defendant asks this Court to extend said rule of mitigation beyond exemplary damages and to instruct you that it applies also to actual or compensatory damages.

After careful consideration of the arguments, and the cases cited upon this question, we feel constrained to hold that the weight of judicial authority is against the contention of the defendant.

*Tatnall vs. Courtney, 6 Houst., 434; Osler vs. Walton, (Supreme Court of N. J.), 50 Atl., 590 ; Corcoran vs. Harran, 55*

*Wis., 120 (12 N. W., 468); Donnelly vs. Harris, 41 Ill., 126 ;
Goldsmith's Admr. vs. Joy, 61 Vt., (17 Atl., 1010); Wilson vs.
Young, 31 Wis., 574.*

We therefore instruct you that although you shall find from
the preponderance of the evidence that the alleged assault and bat-
tery was committed by the defendant under the immediate influ-
ence of the passionate anger and indignation wrongfully provoked
by the opprobrious language or insulting epithets of the plaintiff,
yet you must, nevertheless, not consider said words or provocation
in determining your verdict, as any ground for mitigation or re-
ducing any actual or compensatory damages which you may find,
upon consideration of all the evidence, that the plaintiff is entitled
to recover from the defendant.

In a civil action for the recovery of damages for assault and
battery, the previous conviction and fine of the defendant in a crim-
inal action for the same assault and battery is not admissible in
evidence to mitigate the damages.

*Keller vs. Teller, 2 Houst, 20.*

In considering the testimony, if you find that any of the wit-
nesses contradict each other, you must decide between them after
viewing the testimony of each in connection with all the evidence
in the case, and after considering the comparative freedom of each
from interest or bias, and their respective capacity and opportunity
for observing, knowing, recollecting and accurately relating the
circumstances and matters concerning which they have each tes-
tified.

Where there is a conflict of testimony you must reconcile it if
possible. If you cannot do so, then you may reject so much there-
of as you deem the less trustworthy and accept that portion which
you consider the more so, after due deliberation upon all the evi-
dence before you.

The Court having given you these instructions as to the law
applicable to the evidence in this case, it is now your duty to render

such a verdict as you shall deem just and proper after careful consideration of the law and the evidence.

Verdict for plaintiff for $160.