By the Court. Vanderpoel, J.
The section of the act upon which this case is to turn, is as follows: “ No person shall, directly or indirectly, take or receive more than fifty cents for brokage, soliciting, driving, or procuring the loan or forbearance of one hundred dollars for one year, and in that proportion for a greater or less sum.” Is the plaintiff entitled, under this statute, to recover his commissions at the rate of half per cent, on the amount procured by him, for every year for which the loan was taken ? or is he to be limited to half per cent., where the loan is for a term of years ?
We have traced this section to its origin, and our researches have satisfied us, that the intention of the legislature never was to allow a broker the inordinate compensation here claimed. Previous to the last revision of our statutes, this provision was found in the “ Act for preventing usury.” (1 R. L. 63, § 3.) In England, it is first found in the “ Act against usury.” (21 James I., ch. 17; 2 Evans’ Stat. 285.) Next in 12 Chas. II., ch. 13; and in 12 Anne, ch. 16. (2 Evans’ Stat. 286, 287.) From these sources they were transferred to our act for preventing usury, passed 8th February, 1787. The revisors have not explained why they removed it from the usury act. They must have thought it more appropriately came under their title “ Of brokerage, stockjobbing, and pawnbrokers.” Still, we may look to the place and the company in which this provision was first found, and so long afterwards continued, for a key to the intention of the legislature in respect to it. In the usury acts of England, above referred to, and in both of ours, (1 R. L. 62, and 1 R. S. 760,) the main section which prohibits the taking of more than a fixed rate of interest, contains these words : “ And after that rate for a greater or less sum, or for a longer or shorter time the latter words being evidently employed to provide, that on a loan of money, the borrower should, for each successive year, pay the sum fixed as interest. In all the English statutes, the provision respecting the compensation to brokers *295 is found in a section immediately preceding the one fixing the rate of interest. So, also, in our revised laws. If in two sections, the one so immediately following the other, in the second a portion of the words employed in the first are omitted, it shows that the legislature had an object in so marked an omission. Now, in the sections to prohibit usury are to be found, not only these words contained in the section fixing the premiums of brokers, “And so after that rate for a greater or less sum," but the additional words, “ Or for a longer or shorter time." The omission of them in the second section, serves to show conclusively to our mind, that the legislature did not intend that the compensation of the broker should be increased in proportion to the “ longer time” the loan was to run. The omission is too marked and studious not to indicate this object. The statute was passed evidently for the benefit of borrowers; to prevent the lender from practically evading the usury act, by interposing his broker between himself and the victim of his cupidity. Its object was to fix a limit beyond which the broker should not charge. It is a well known fact, that loans for a long time on good security, in this city, are more easily procured than short ones; and it is hardly to be presumed that the legislature intended to swell the broker’s compensation according to the greater facility with which his duty is accomplished. Yfe are satisfied, that the legislature intended to give only half per cent, on the sum loaned, without reference to the time it is to run.
The plaintiff must take up with the $150 and interest.
Judgment accordingly.