BROAD *vs.* HOFFMAN and others.

Under the statute of this state a broker is not entitled to charge more than one-half of one per cent for negotiating or procuring a loan, whatever may be the length of time for which the loan is made.

ASSUMPSIT, tried at the New-York circuit in October, 1847, before Justice MOREHOUSE. The plaintiff recovered a verdict for $47, and the defendants, on a bill of exceptions, moved for a new trial.

*R. M. Tysen,* for the plaintiff.

*Edward Hoffman,* for the defendants.

*By the Court,* HURLBUT, J.  This action is brought by the plaintiff to recover a compensation by way of commissions as a broker, for soliciting or procuring a loan for the defendants of some $8000 for a period of years.  The learned justice who presided at the circuit charged the jury that under the statute of this state a broker is not entitled to charge more than one-half of one per cent for negotiating or procuring a loan, whatever may be the length of time for which the loan is made; and if there had been any usage or custom to receive more than one-half of one per cent for procuring any loan, such usage was unlawful and could not be upheld.  There was an exception to this charge.  The statute referred to contains this provision: "No person shall directly or indirectly take or receive more than fifty cents for brokerage, soliciting, driving or procuring the loan or forbearance of one hundred dollars for one year, and in that proportion for a greater or less sum," &c.  It is the same in substance with the statute of 12 Car. 2, and also with the third section of the statute for preventing usury, in the laws of New-York of 1813.  In the revised statutes this provision has been separated from the statute of usury, and forms art. 1 of title 19, ch. 20 of part 1 of those statutes.

Broad *v.* Hoffman.

Perhaps, to its former connection with the statute of usury, may be attributed, what seems to be an irrelevant and improper insertion of the words "*for one year*" in the statute under consideration. The statute of usury of 1813 forbade any person from taking " above the value of seven pounds for the forbearance of one hundred pounds *for one year,*" and prescribed that rate for a greater or less sum, " *or for a longer or shorter time.*" In the third section of this act, which regulated the premium to brokers, the words " for one year" were employed, while the latter words, " or for a longer or shorter time," were omitted. The obscurity which this created seems not to have been considered by the revisers, and this section was re-enacted without any material alteration in the revised statutes.

If we are required to give effect to the words " for one year," we need the remaining language of the statute of usury, " and so in proportion for a greater or less sum, *or for a longer or shorter time ;*" and with these words, the broker could claim a rate of compensation as well in proportion to the amount, as to the time of the loan, which he should procure. Without the latter words, it seems to be impossible to give effect to the words "for one year," without destroying the efficacy of the statute, by confining its operation to loans procured for a single year, and leaving the brokerage upon loans for more or less than a year to the contract of the parties. It can not be supposed that the statute was designed only to regulate brokerage on loans for a year, any more than that the statute of usury was designed only to regulate interest on loans for that period.

It was suggested on the argument, that we might perhaps give effect to the words " for one year," by holding the statute to be applicable only to loans procured for a year or more. We can not adopt this construction without withdrawing from the protection of this act numerous and important loans, which we think were clearly intended to be embraced in its provisions, and which the statute contemplates will be secured by " *bill, note,*" &c.; i. e. by ordinary commercial paper, payable in less than a year.

The plaintiff contends for a construction of the statute, which

would give him one-half of one per cent for every year of credit on the loan, and which would in many if not in most cases increase his compensation, as his labor and difficulty in procuring the loan diminished; for it is well known that upon good security loans for three and five years are made with greater freedom by a large class of capitalists than loans for shorter periods.

We think the ruling of the learned justice at the circuit was correct, and that the motion for a new trial ought to be denied.

EDMONDS, J. dissented.

———————◆———————

SAME TERM.    *Before the same Justices.*