JOHN R. SEARS, Respondent, *v.* JOSEPH CONOVER, Appellant.

Where the defendant, when called upon to fulfill his contract with the party with whom it was made, refuses to fulfill it, and declares that he will not and does not intend to fulfill on his part, the other party is thereby excused from a further tender of performance on his part.

His right of action against the defendant is assignable; and his assignee may recover the damages consequent upon such breach.

Where the only error appearing in the judgment appealed from is excessive damages, the appellate court may affirm the judgment on condition the plaintiff deduct the required amount from the judgment below.

*G. Dean,* for the appellant.

*T. B. Pelton,* for the respondent.

DAVIES, Ch. J.   The facts appearing on the trial of this action are as follows: In March, 1857, the defendant and one Stephen B. Conover entered into mutual written contracts, whereby the defendant agreed to sell and deliver to Conover all the peach-blow potatoes that he, the defendant, raised the then coming season, in good merchantable order, delivered on the boat at 12*s.* per barrel, and he agreed to plant ten acres or more.   In consideration thereof, Conover agreed to take of defendant all the peach-blow potatoes he might raise that season at the price of one dollar and fifty cents per barrel, delivered at the boat at Red Bank, he agreeing to plant ten acres or more.

It appeared that, in the latter part of September of that year, Conover called on the defendant to see about the potatoes, when the defendant said he had sold the potatoes for more money than he (Conover) had agreed to give, and he (Conover) could not have them.   Conover then assigned the contract to the plaintiff and delivered the same to him.   This was about the first of October, 1857.   On the 5th of October Conover prepared a notice to the defendant, setting forth that he had assigned the contract with the defendant to the plaintiff, and requested the defendant to deliver the crop to the plaintiff, agreeably to the terms of the contract.   The

plaintiff, underneath said notice and copy of said contract, under the same date, also gave notice to the defendant that he had purchased the said contract from Stephen B. Conover, and requesting a delivery of the potatoes on the boat according to the terms of the contract, and informing the defendant that the money for the potatoes would be ready for him, upon delivery, at the price named in the contract. When these notices were shown to the defendant and read to him by Stephen B. Conover, he said, " I told you, when you were here before, that you could not have the potatoes, that I had sold them, and I tell you so again ; I do not know John R. Sears, and have made no contract with him."

The defendant moved for a nonsuit, or to dismiss the complaint, on the following grounds :

*First.* That no valid assignment to the plaintiff of the contract named in the complaint had been proved.

*Second.* That the plaintiff had not proved any right of action.

*Third.* That the plaintiff had not performed the conditions precedent as the purchaser of the potatoes or assignee of the contract.

*Fourth.* That there had been no assignment since the alleged breach, and until a breach of the contract there could be no transfer of the right of action.

The court refused to dismiss the complaint; to which ruling and decision the defendant's counsel excepted.

Some rebutting testimony was then offered on the part of the defendant, after which the judge charged the jury, that the plaintiff had proved that he was the assignee of the contract set out in the complaint, and that said contract was a valid and binding contract of bargain and sale.

To this charge no exception was taken, and the jury, after deliberation, returned a verdict for plaintiff for $500. On appeal to the General Term, the judgment was affirmed on condition that the plaintiff deduct $200 from the amount of the verdict, which he did, and judgment was entered accordingly, and from this judgment the defendant now appeals to this court.

The motion to dismiss the complaint was properly denied. The contract was assignable, and was duly assigned. On the assumption that there had been a breach of the contract before the assignment, Stephen B. Conover had a right of action for the damages which he had sustained, and undeniably that right of action was assignable. The defendant was guilty of a breach of his contract when he sold the potatoes called for by the contract, and his avowal that he did not intend to deliver the potatoes under it, was the best evidence of a breach of it. This evidence was uncontradicted at the time this motion was made, and must be assumed to be true. The avowal of the defendant that he could not, and would not, fulfill the contract on his part, rendered wholly useless any demand on the part of the plaintiff, or offer on his part to fulfill the contract. But such demand and offer were made in the paper shown and read to the defendant, under date of October 5. Upon the proof, this plaintiff was clearly entitled to recover the damages sustained for a breach of this contract.

The jury fixed the amount of the damages at $500, and it was competent for the General Term of the Supreme Court, if, in its judgment, such damages were excessive, to order a new trial, or, in its discretion, to affirm, in case the plaintiff should remit the amount adjudged excessive. The Code confers power, upon an appeal from a judgment or order, on the appellate court, to reverse, affirm or modify the judgment or order appealed from. (§ 330.) It has long been the settled practice of the court, on a motion for a new trial, to refuse to set aside the verdict, if the parties would consent to deduct any amount deemed excessive. (3 Gra. & Wat. on New Trials, 1162, and cases there cited.)

Such a proceeding was recognized and approved of by this court in *Chouteau* v. *Suydam* (21 N. Y., 179.)

In that case, the General Term of the Supreme Court of the city of New York affirmed a judgment in favor of the plaintiffs, conditionally, upon their consenting to certain modifications, reducing the amount of the judgment, which they did, and one of the defendants then appealed to this

court. This court affirmed the judgment, with costs, of the appeal to this court.

No good reason is suggested why we should disturb the judgment in this action; and the judgment appealed from should, therefore, be affirmed, with costs.

All the judges concurring,

Judgment affirmed, with costs, and ten per cent penalty.