If the statute restricting the brokerage for negotiating loans is applicable to this case, we concur with the General Term that the agreement for two and a half per cent was a violation of it. It may be allowable to pay *Page 313 
for extra services not usually necessary in procuring loans, in addition to the prescribed brokerage; but it should be separated, so that it may be seen whether the compensation is reasonable, or only a cover for demanding a larger commission. The statute limits the compensation for obtaining the loan to one-half of one per cent, while the plaintiff's evidence is, that because the property was out of the city, and it might be necessary to visit it, he charged, and the defendant agreed to pay two and a half per cent commission; and the same commission was to be paid, whether $10,000 or $20,000 was obtained. If the lesser sum, the plaintiff would receive $200 for his extra labor in visiting the property; while if the larger sum was obtained he would receive $400 for the same labor. The arrangement, whether we take the verbal agreement or the written contract, was a clear violation of the statute, if it embraces this transaction. The statute is as follows: "No person shall, directly or indirectly take or receive more than fifty cents for a brokerage, soliciting, driving, or procuring the loan or forbearance of $100 for oneyear, and in that proportion for a greater or less sum, nor more than thirty-eight cents for making or renewing any bond, bill, note or other security given for such loan or forbearance, or for any counter bond, bill, note or other security concerning the same." This loan was to be for three or five years. Several constructions have been suggested:
1st. That it should be taken literally; in which case it would only apply to loans for one year.
2d. That it should be held to apply only to loans for one year or under.
3d. That the prescribed commission should be the rate per year, or for each year.
4th. That the words, "for one year," should be disregarded; in which case the rate prescribed would apply to all loans.
To adopt the literal construction would render the statute utterly ineffective and useless, as it would only apply when the loan was for precisely one year; while either of the other *Page 314 
constructions requires the interpolation of words not in the statute, or the omission of words found there. Whatever might be our views as an original question there are two adjudications involving the precise point, one in the Superior Court of the city of New York, and the other in the Supreme Court of that district, which I think, under the circumstances, are entitled to controlling weight. The case of Corp v. Brown (2 Sand. [S.C.R.], 293), was decided in December, 1848, and Broad v.Hoffman (6 Barb., 177), was decided in March, 1849. The decision in each case appears to have been made independently, and not on the authority of the other; and they both hold that the statute applies to all loans, without regard to time; thus practically disregarding the words "for one year;" and there is great force in the reasoning of the learned judges who delivered the opinions; and the result at which they arrived, probably, effectuates the real purpose and intent of the legislature. These decisions were made by different courts in the city of New York, where the business which this statute affects is largely transacted; and the construction thus established seems to have been acquiesced in for a quarter of a century, without question, by the courts, the legislature or the public. Under these circumstances, we do not think it should be disturbed. This construction entitled the plaintiff to no more than fifty dollars for negotiating this loan; and, if he could have recovered that sum, he has waived it by stipulating that if the order granting a new trial should be affirmed, judgment absolute against him might be rendered. He elected to have the whole or none, and must abide by his decision.
The order should be affirmed, and judgment absolute for the defendant.
All concur, except RAPALLO, J., dissenting; FOLGER, J., concurring in result.
Order affirmed, and judgment accordingly. *Page 315