## N. Y. COMMON PLEAS.

WILSON BURLING, respondent, agt. C. GODFREY GUNTHER, appellant.

*Appeal—Power of appellate court to reverse, affirm or modify a judgment— Construction of such power.*

In an action for broker's commissions, in procuring a loan of $35,000, tried by a jury in the marine court, there was a contention of fact upon the trial over the question of an original employment. The trial resulted in a verdict for $400 in plaintiff's favor. The defendant's motion for a new trial upon the minutes was denied, and an appeal taken from the order and judgment entered upon the verdict to the general term of the marine court, where the judgment was affirmed, upon the plaintiff stipulating to reduce the recovery from $400 to $175. The case was given to the jury under an absolute instruction to allow plaintiff $400 in case they found in his favor upon other questions :

*Held*, that the general term of the marine court exceeded its authority by directing an affirmance should the plaintiff stipulate to reduce the recovery to $175. The statute limits the plaintiff's right to that amount, but the jury had power to award him less.

Neither the plaintiff's right, nor the defendant's liability, with reference to amount, has ever been passed upon by the jury, as they were misled by an erroneous instruction, and the general term, by endeavoring, instead of ordering a new trial, to adjudicate what the plaintiff was entitled to, exceeded their powers, the needed facts not having been found on the trial.

*General Term, January,* 1882.

*Before* BEACH *and* VAN BRUNT, *JJ.*

AT some date in or prior to August, 1878, the defendant employed Harnett, a real estate broker, to procure a loan of

$35,000 for him, at six per cent interest per annum, to be secured upon certain real estate in the city of New York. In that month Earle, a clerk for Harnett, applied to the plaintiff's assignor, George H. Burling, to obtain the loan. He succeeded in doing so, and informed the defendant September 4, 1878. On that date the defendant gave to plaintiff's assignor a writing in these words:

BROOKLYN, <em>September</em> 5, 1878.

" Mr. GEORGE H. BURLING:

" DEAR SIR. — I am ready to accept your loan on the fifth instant, at 1 P. M., provided the same has not been taken elsewhere; the commission to be $400, and, also, provided lawyer's fees can be agreed upon.

" Very truly yours,

" C. GODFREY GUNTHER."

From the evidence this was written September fourth instead of the fifth, as dated.

The defendant afterwards did nothing. On September sixth the parties, who had accepted the loan, withdrew their acceptance because the papers were not delivered as promised on the fifth, and so notified George H. Burling. This action was brought by I. Burling, assignee, to recover $400 and commissions. There was a contention of fact, upon the trial, over the question of an original employment of George H. Burling by the defendant to procure the loan. The trial in the marine court resulted in a verdict for $400 in plaintiff's favor. The defendant's motion for a new trial upon the minutes was denied, and an appeal taken from the order and judgment entered upon the verdict, to the general term of the marine court, where the judgment was affirmed upon the plaintiff stipulating to reduce the recovery from $400 to $175. The defendant appealed to this court.

*C. Bainbridge Smith*, for appellant.

*Charles W. Dayton*, for respondent.

Burling agt. Gunther.

BEACH, J. — The question of fact affecting employment and service seem to have been settled by the jury in favor of the plaintiff upon conflicting evidence, and the verdict is not against its weight. In such case it is without the province of this court to interfere with the action of the tribunal to which parties are remitted by law for the settlement of those contentions.

The general term of the marine court, however, exceeded its authority by directing an affirmance, should the plaintiff stipulate to reduce the recovery to $175. The statute limits the plaintiff's right to that amount, but the jury had power to award him less (2 *R. S.* [6th ed.], 1005, sec. 1). The case was given to them under an absolute instruction to allow him $400, in case they found in his favor upon other questions. In my opinion the general term of the marine court, by its action, has usurped the functions of a jury in fixing absolutely the *quantum* of plaintiff's recovery at the statutory limit. No adjudication in the books upholds so broad a construction of the power given an appellate court to reverse, affirm or modify a judgment. In *Sears* agt. *Cowen* (3 *Keyes*, 113), the action was to recover damages for a breach of contract to sell and deliver potatoes at a certain price. The jury gave a verdict for $500, which was reduced by the general term to $300, and so affirmed by the court of appeals. There is nothing in the report of the case to show that evidence was given upon the subject of damages, or indicating of what terms the original sum consisted.

The learned judge wrote the opinion, held the court possessed of power, on a motion for a new trial, to refuse to set aside the verdict, if the parties would consent to deduct any amount deemed excessive. The case may have been one where elements of damage, established by the proofs, were such as to enable the court to reach a conclusion upon the sum to which the plaintiff had shown a clear or absolute right. In *Cook* agt. *Philipps* (56 *N. Y.*, 310) the judgment on the per centage agreed upon was wholly reversed by the

Burling agt. Gunther.

general term, and the court of appeals held the limit of the statute applicable, and affirmed the reversal, giving judgment absolute against plaintiff, by virtue of his stipulation. The opinion stated that the plaintiff was entitled to no more than fifty dollars upon a loan of ten thousand, and "*if he could have recovered that sum*, it was waived by the stipulation. Nothing in the case supports the action here. In *Moffatt* agt. *Sackett* (18 *N. Y.*, 22) the general term reduced a judgment for goods sold and work done, by deducting twelve dollars damages, caused by unskillful work.

The referee had refused its allowance, but found it to have been from twelve to fifteen dollars. The court held there was no authority to determine the amount of unsettled damages, and where the amount was indefinite and uncertain, so doing was an assumption of the jury province. In other cases, either the principle is stated, or the facts show the reduction to have been made of amounts settled in the trial court, and in one where interest was unmistakably computed (*Brownell* agt. *Winnie*, 29 *N. Y.*, 400; *Hayden* agt. *The Florence Sewing Machine Co.*, 54 *N. Y.*, 221; *Cuff* agt. *Dorland*, 57 *N. Y.*, 560; *Whitehead* agt. *Kennedy*, 69 *N. Y.*, 462.)

In the case at bar, neither the plaintiff's right, nor the defendant's liability, with reference to amount, has ever been passed upon by the tribunal wherein such issues are settled. It appears the jury were misled by an erroneous instruction, and the general term of the marine court endeavored, instead of ordering a new trial, to adjudicate what the plaintiff was entitled to. This was beyond their power, the needed facts not having been found on the trial.

The judgment should be reversed, and a new trial ordered, with costs to abide event.

VAN BRUNT, J., concurred.