### ROCHESTER LANTERN CO. *v.* STILES & PARKER PRESS CO.

*(Supreme Court, General Term, Fifth Department.   October 23, 1891.)*

CONTRACTS—ASSIGNMENT—BREACH—DAMAGES.

> Defendant contracted to furnish one K. with dies for a lantern which he intended to manufacture. K. assigned to plaintiff the contract, and all his rights and claims thereunder. *Held,* that defendant was liable to plaintiff for expenses incurred for rent and help, which he lost by reason of defendant's failing to furnish the dies at the time agreed.

Appeal from judgment on report of referee.

Action by the Rochester Lantern Company against the Stiles & Parker Press Company for breach of a contract made by defendant with one James H. Kelly, and by him assigned to plaintiff. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*Theodore Bacon,* for appellant.   *Wm. N. Coggswell,* for respondent.

LEWIS, J. This action was brought to recover for a breach of contract to furnish certain dies to one James H. Kelly for the purpose of manufacturing lanterns. The referee found that about March 19, 1887, Kelly entered into a contract with the defendant, by the terms of which the defendant agreed to make and deliver to him dies for a lantern which Kelly intended to manufacture; that the defendant agreed to deliver such dies, completed, to Kelly within a reasonable time from the date of the contract; that Kelly was a manufacturer of lanterns in the city of Rochester, N. Y., and required these dies for the manufacture of lanterns which he designed to put upon the market; that the plaintiff was incorporated shortly prior to the 27th day of August, 1887, and on the 29th day of that month, by an instrument in writing, Kelly duly assigned and delivered to the plaintiff the contract with the defendant, and all of his rights and claims thereunder; that the plaintiff, after its incorporation, succeeded Kelly in the business of manufacturing lanterns; that the defendant was not notified of the assignment of the contract to Kelly until the damages had been incurred by the plaintiff, and just prior to the commencement of the action; that the defendant failed to carry out the contract within the time agreed, or any time; that the plaintiff, for the sole purpose of carrying on the business of manufacturing the lantern which it was intended that the dies should be used in making, entered into certain obligations, and incurred liabilities, which it paid, in the way of rent of premises for the manufacture of the lantern, and the wages of employes engaged to manufacture lanterns; and that by reason of defendant's failure to perform the contract as agreed the plaintiff was unable to manufacture any lanterns for the market, and sustained loss in the rent of a shop and wages of employes

in the sum of $801.32; and found as a conclusion of law that the plaintiff was entitled to recover a judgment for that amount against the defendant. The contention of the defendant is that it never was under any obligation to make the dies in question for the plaintiff; that its contract was with Kelly, and only with Kelly.

No reason is suggested why this contract should be held to be an exception to the general rule that contracts are assignable. Had Kelly died after entering into the contract, his representatives would have been entitled to the contract as an asset of his estate, and could have insisted upon the defendant's performing it. The defendant could have procured another to make the dies; and, if they complied with the contract, Kelly would have been compelled to accept them. Bish. Cont. § 603; *Devlin* v. *City of New York*, 63 N. Y. 8. The parties could have prohibited the assignment of the contract by a provision in it to that effect, had they chosen. Not having done so, it must be held to be assignable. *Sears* v. *Conover*, 33 How. Pr. 324. The appellant does not seriously contend but that the contract was assignable, but insists that the only damages recoverable by the plaintiff for its breach are those that Kelly had sustained at the time of the assignment. If so, and Kelly had assigned the contract immediately after it was made, the defendant would have been released from its obligation to perform it. If the plaintiff could take the assignment of the contract, there would seem to be no good reason why it was not entitled to damages for its breach, the same as Kelly. It may fairly and reasonably be supposed to have been within the contemplation of the parties, at the time they made the contract, that Kelly would require a building in which to manufacture the lanterns, and skilled workmen. Kelly would have been justified in obtaining a place of business and workmen for the business. If Kelly would have required workmen and a shop to carry on the business, so would the plaintiff. The damages which the plaintiff recovered were for disbursements made in procuring necessaries for the business, and do not seem unreasonable in amount. It cannot reasonably be supposed that the contracting parties contemplated that Kelly would organize a plant of the dimensions suggested by appellant's counsel, consisting "of himself, a small boy helper, with a work-bench in the Bee Hive." Such an establishment in this age of great manufacturing enterprises and sharp competition would not have been likely to meet with much success. The judgment appealed from should be affirmed. All concur.