(18 App. Div. 123.)

## BUCHANAN v. TILDEN.

(Supreme Court, Appellate Division, Second Department.  May 21, 1897.)

1. WORK AND LABOR—COMPLAINT.
    A cause of action for services rendered, and not for breach of a contract between plaintiff and defendant that defendant would pay to plaintiff's wife $50,000 in consideration of plaintiff's assistance in having the will of defendant's uncle set aside, is stated by a complaint which alleges that plaintiff, at the request of defendant, rendered services in procuring from one D. a loan of moneys to defendant, that such services were of the reasonable value of $50,000, and that defendant agreed to pay that sum.

2. BROKERAGE—EFFECT OF STATUTE RESTRICTING AMOUNT.
    A statute which forbids any person to charge more than one-half of 1 per cent. brokerage for procuring a loan (1 Rev. St. c. 20, tit. 19, art. 1), but does not prescribe any penalty for its violation, does not render void a contract for a greater brokerage, but the broker can recover only the statutory amount.

3. STATUTES—NECESSITY OF PLEADING.
    A statute which limits the rate of compensation for certain services, but prescribes no penalty for its violation, must be pleaded in an action on a contract stipulating for a greater rate of compensation.

Appeal from trial term, Westchester county.

Action by Robert D. Buchanan against George H. Tilden for work, labor, and services. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Louis S. Phillips, for appellant.
Delos McCurdy, for respondent.

CULLEN, J. The complaint declares that the plaintiff, at the special instance and request of the defendant, rendered work, labor, and services in procuring a loan or advance of moneys to him from Robert G. Dun, which services were of the reasonable value of $50,000, and which sum the defendant agreed to pay therefor. To this the defendant pleaded a general denial and the statute of limitations. On the trial the plaintiff proved that he had obtained loans from the defendant for Mr. Dun to about $30,000. He then introduced in evidence, as proof of the defendant's agreement to pay him the stipulated price of $50,000, the following letter:

"Law Offices of Charles P. Crosby, Guernsey Building, 160, 162 & 164 Broadway.

"New York, February 19th, 1887.

"Robert G. Dun, Esq., No. 314 Broadway, N. Y. City—My Dear Sir: It is understood between Mr. R. D. Buchanan and myself that, in the event of the success of the proceedings now pending, or any which may be taken, to practically set aside the thirty-fifth section of the will of my late uncle, Samuel J. Tilden, in view of the assistance looking to that end which has been and may be rendered by Mr. Buchanan as well as by yourself, that I will and hereby do become responsible for the payment to Mrs. Adelaide E. Buchanan, or her order, of the sum of fifty thousand dollars. It is further understood between us that while I am not strictly authorized to speak in behalf of my brothers and sisters in that respect, that from what has already transpired between

me and them, in the event of such success they will be disposed to act generously with Mrs. Buchanan in the premises.

"Yours, very resp'y,          Geo. H. Tilden."

In his testimony the plaintiff states, in the most general way, that he rendered the defendant other services, but the character, duration, or nature of the services are not further detailed than in this single sentence: "I spent some time in Albany in regard to a bill that was about to pass there; rendered services in that connection." It was further proved—by the plaintiff's wife—that the defendant had paid to her, on account of the sum specified in his letter of February 19, 1887, the sum of $6,150, but had refused to pay any more. It was conceded that the litigation as to the will of Samuel J. Tilden had been finally decided in favor of the defendant and other contestants. Prior to the commencement of this action, the plaintiff's wife brought a suit against the defendant, on the promise made in his February letter. In that action the plaintiff recovered at trial term, but on appeal the judgment was reversed, the appellate division of the First department holding that any cause of action for the breach by the defendant of his agreement to pay plaintiff's wife $50,000 was in the husband, the present plaintiff, and not in the wife, and that the former alone could maintain an action thereon. Buchanan v. Tilden, 5 App. Div. 354, 39 N. Y. Supp. 228. The judgment roll in that action was put in evidence in this action by the defendant. At the close of the case, the defendant moved to dismiss the complaint, on the following grounds:

"First. That by the contract itself and upon the contract no cause of action is proven against the defendant. Second. Upon the ground that there is no cause of action for services performed by Mr. Robert D. Buchanan, the plaintiff in this action, established by the evidence in this case. Third. That under the law of this state, by the proof offered here, Mr. Buchanan was a mere broker, so to call it,—the person who procured from Mr. Dun the loan of some twenty thousand dollars by Dun to Tilden. Under the law of this state, no person, for procuring such a loan, can charge or receive, or be entitled to receive, more than one-half of one per cent. for obtaining such loan. Fourth. That by this participation in, and acquiescence in, and aid in procuring a judgment for his wife upon this same contract, he is estopped himself from now maintaining an action upon the same contract and for the same sum for which the wife obtained judgment."

In announcing its opinion of the questions involved, the court concluded:

"In deciding this question as to a nonsuit, I decide that the plaintiff cannot maintain an action upon that paper; but, inasmuch as it is the right of this plaintiff to recover against this defendant for services which he has rendered for him at his request, he may go to the jury upon that theory, and recover what the jury shall say his services are worth, provided the jury will find that the defendant employed him to render services."

The record then states that the motion to dismiss was granted, and the plaintiff excepted. It further states that the plaintiff asked to go to the jury on the question of the plaintiff's employment, and the value of his services, and on the question of whether or not the claim of the plaintiff had been transferred by him to his wife, so that he could not recover in the action, or whether he still was the owner of the claim. This motion was denied, and the plaintiff excepted. It is unnecessary for us to examine or discuss the question whether the plaintiff or his wife was the proper party to bring an action for any

breach by the defendant in his agreement of February 19, 1887. That question was decided by the appellate division of the First department in the case hitherto cited, and, if its determination were necessary to the disposition of the appeal now before us, we should certainly follow the decision of the court in the First department. But the cause of action declared on by the plaintiff is not for a breach of that agreement. It is to recover the value of services in procuring a loan of money. The complaint, it is true, presents the claim in a double aspect, both on a quantum meruit and for an agreed price, but an agreed price to be paid to the plaintiff, not to any other person. No evidence was given of any promise by the defendant to pay a specific sum, except that contained in his letter to Mr. Dun. We think, therefore, that the case should have been considered as an ordinary one to recover the value of services in procuring a loan of money. To a recovery in such an action the rule of the statute applies: "No person shall, directly or indirectly, take or receive more than fifty cents for a brokage, soliciting, driving, or procuring the loan or forbearance of $100 for one year, and in that proportion for a greater or less sum." 1 Rev. St. c. 20, tit. 19, art. 1. There is no provision in the statute rendering a contract or agreement to pay a greater compensation than that prescribed wholly void. One who renders services as a broker under an agreement to pay a higher compensation is entitled to receive pay for his services, but he cannot recover any more than the statutory compensation. Corp v. Brown, 2 Sandf. 293; Broad v. Hoffman, 6 Barb. 177. As the statute merely prescribes a rate of compensation, but does not defeat the action, it was unnecessary for the defendant to plead the statute. In the case first cited the question arose on an answer merely pleading the general issue. In the second case the character of the answer does not appear. I do not appreciate the force of the claim of the counsel that the statute does not apply to the plaintiff. It is true that the plaintiff was not a broker, engaged in the occupation of soliciting and procuring loans; but the statute is not limited to persons. It applies to the character of the service rendered; and no person, whatever his calling or occupation, can recover for services rendered in procuring a loan any greater sum than that allowed by the statute. It is also said that the letter of agreement written by the defendant contemplated not only services in procuring the loan of money, but further services of a different character. It is a sufficient answer to this to say that no such claim is stated in the complaint as the basis of this action. And it is further to be remarked that it is very doubtful whether any claim for gross compensation in excess of the statute can be enforced, unless it be so separated that it may appear what compensation is allowed for obtaining the loan, and what for the other services. Cook v. Phillips, 56 N. Y. 310. While we are thus of opinion that in this action under the present complaint no recovery could be had against the defendant for the alleged breach of his written agreement, we do not see why the plaintiff was not entitled (if the jury found the facts in his favor) to recover for his services at the statutory rate. No plea of payment was alleged in the answer, and the payments made to the plaintiff's wife were under a contract which the defendant repu-

diated. The learned trial court seems to have been of this opinion, for at the close of its remarks it said that the plaintiff might go to a jury, and recover what his services were worth. But, despite the fact that the court entertained this view, the record shows that the complaint was dismissed,—a disposition that, under the view of the trial court and in our view, was erroneous. I think it very probable that the record may be defective, and the plaintiff must have declined to go to the jury on the theory suggested by the court. But no such waiver appears in the case, and we must decide this appeal on the record before us. We think, therefore, the court erred in dismissing the complaint, and should have submitted the case to the jury in the aspect stated by it.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., and BRADLEY, J., who concur in the result.