### ANDERSON et al. v. DWYER.

(City Court of New York, General Term. December 18, 1899.)

BROKERS—COMMISSIONS—LOANS.

    1 Rev. St. p. 709, restricting brokers' fees for negotiating loans to one-half of 1 per cent. on the amount loaned, applies to a contract for a loan procured while such statute was in force, although not sought to be enforced until after such statute was changed.

Appeal from trial term.

Action by William S. Anderson and another against John Dwyer. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

C. D. Brower, for appellant.

J. Kearney, for respondents.

PER CURIAM. The plaintiffs are real-estate brokers carrying on business as such in this city. The defendant was the owner of certain premises in East Twenty-Third street, near First avenue, in November, 1894; and, desiring to procure a loan of $5,000 on a second mortgage on said property, he employed plaintiffs, as such brokers, to obtain it for him, and agreed in writing to pay them the sum of $450, to cover brokerage, lawyer's fee, and disbursements. The loan was procured and closed on December 14, 1894. It appeared upon the trial that the lawyer's fee for searching the title to the premises and his disbursements was $300. This action was brought to recover $150, being the balance due under the agreement made between plaintiffs and defendant. Clearly, this action was brought upon the theory that plaintiffs were entitled to $150 for their services as brokers in procuring said loan. Plaintiffs do not claim or pretend that they rendered any other services to defendant. Their testimony shows that in said matter "they performed only the usual services of a broker in hunting up a loan." The jury rendered a verdict in their favor for the amount claimed. Upon these facts plaintiffs were not entitled to a verdict for more than $25, being one-half of 1 per cent. upon the amount of the loan of $5,000. At that time a contract to pay a larger compensation was void. 1 Rev. St. p. 709; Cook v. Phillips, 56 N. Y. 310; Buchanan v. Tilden, 45 N. Y. Supp. 417, 18 App. Div. 123. This law was changed in 1895 (chapter 467).

Defendant's counsel asked the learned trial justice to charge the jury that in this case plaintiffs were not entitled to recover more

than $25. He declined so to charge. In refusing to do so, as just pointed out, he committed error.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.