GEORGE C. UNGLISH, RESPONDENT, *v.* GEORGE W. MARVIN, APPELLANT.

*Agreement to work land on shares, and occupation thereunder for two years, does not create a tenancy — remedy of a party wrongfully dispossessed.*

An oral agreement to work lands on shares for the period of five years, does not create a tenancy, and the occupation by the party agreeing to work the lands for the first two years of the term, does not create a tenancy from year to year which can be terminated only by its limitation or by the notice prescribed by law.

If the rights of the party entitled to work lands upon such terms, as a tenant in common of the crops and products of the land used during the occupancy, are denied and infringed, it justifies an action for damages, but no action can be maintained upon the contract as an executory one.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered upon the report of a referee, in the office of the clerk of Monroe county on the 3d day of December, 1888.

*Hoyt & Beach*, for the appellant.

*G. E. Warner*, for the respondent.

DWIGHT, J. :

The action was for damages for the unlawful removal of the plaintiff from the possession of premises, consisting of farming lands in the town of Van Buren, in Onondaga county. The plaintiff claims the possession under an oral agreement with the defendant to work the lands on shares for the period of five years from the first day of April, 1884. The plaintiff was dispossessed at the end of two years, under a judgment of a justice of the peace, in summary proceedings, which judgment was afterwards reversed on appeal to the County Court of Onondaga county. The two judgments are made to appear only by the pleadings in this action, and it is not shown, either by the pleading or by evidence, what questions were litigated before the justice or what was the ground of reversal by the County Court.

The referee took evidence of the probable amount and value of the products of the land during the remaining three years of the five covered by the agreement, as a basis for estimating " the value of the remainder of the plaintiff's term; " and, after finding the facts, found as conclusions of law, in substance, that the oral agreement for the occupation of the land by the plaintiff for the period of five years, was, as such, void ; but that the plaintiff's occupancy for a portion of the term created a tenancy from year to year, which could be terminated only by limitation or by the notice prescribed by law ; that the judgment of the County Court above mentioned was conclusive on the parties, and that the plaintiff was entitled to recover the value of the remainder of his term.

The radical error, which vitiates the judgment entered on these findings, is in the conclusion of law that the occupation of the land for two years, under the oral agreement to work the same on shares for five years, created a tenancy from year to year, to the end of the term named in the void agreement. It is well settled that an agreement to work land on shares creates no tenancy at all. (*Reynolds* v. *Reynolds*, 48 Hun, 142, and the cases cited.) Such an agreement is only in the nature of a contract for the hire of work, labor and services to be paid for by a share of the product of

the labor; and such contract for more than one year, not being in writing as an executory contract, is good only for one year. (2 R. S., 135, § 2.)

So far as the contract between the parties was executed, the plaintiff acquired the rights of a tenant in common of the crops and products of the land raised during the occupancy (*Reynolds* v. *Reynolds, supra*), and for those rights, if denied or infringed, he had his action; but he could have no action upon the contract as an executory one.

The conclusion of law of the referee, that "the order of the County Court, reversing on appeal, the decision of the justice in summary proceedings, is conclusive on the parties hereto," though correct in terms, is entirely immaterial as a finding in this case. That judgment or order was binding upon the parties in the proceedings in which it was made, but it is not binding upon them in respect to any of the issues in this action, because it does not appear that any issue in this action was litigated before the justice, or adjudged in the County Court.

It is impossible, upon the record before us, to sustain the judgment in this action.

Judgment reversed and a new trial granted before another referee, with costs to abide the event.

BARKER, P. J., and MACOMBER, J., concurred.

So ordered.