### PRESTON v. SMALLWOOD.

*(Supreme Court, General Term, Fifth Department. October 21, 1892.)*

1. LANDLORD AND TENANT—RENTING ON SHARES—ABANDONMENT BY TENANT.
    A tenant in possession of a farm under a lease on shares for a term of years, which is to be put in writing, is not justified in abandoning the farm merely because the landlord has become dissatisfied with him, and told him to get off, and has refused to sign the written lease when requested; and if he does so he cannot recover of the landlord for his interest in the crops.

2. SAME—STATUTE OF FRAUDS.
    Nor has the tenant in such case any right of action for breach of the contract as an executory one.

Appeal from Chatauqua county court.

Action by John Preston against Henry Smallwood. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*S. W. Mason*, for appellant. *A. B. Ottoway*, for respondent.

LEWIS, J. This action was brought to recover damages for breach of contract. The parties entered into an oral agreement in the month of February, 1891, for the leasing of the defendant's farm to the plaintiff for the term of five years, to be worked upon shares, each party to have one half of the proceeds of the land and stock on the farm. It was understood that the agreement was to be put in writing, but that was never done. The plaintiff took possession of the farm in March, 1891, the defendant reserving the right to occupy two rooms in the farmhouse. The plaintiff heard rumors that the defendant was not satisfied with his management of the farm, and in the month of August, 1891, he called upon the defendant and inquired of him as to the cause of his dissatisfaction. The defendant told him he could not work the farm; and what occurred between the parties which the plaintiff claims justified him in leaving the farm, and abandoning the contract, was testified to by him as follows: "I [meaning plaintiff] said, 'If you are dissatisfied with me on this farm, what will you give me to get off from here?' He said, 'I won't give you a cent.' He said, 'What will you give me for damages for coming on here?' He said; 'If you were worth anything, I would sue you, and collect damages of you.' Then I asked him what share of the crops he would give me, and he said I had not got any crops there. He said, 'The sooner you get off from the farm, the better it will be for you and me

both.' He said, 'You cannot get off any too quick to suit me.' He said that he had done all the work that was done there all summer. As long as he had told me to get off from the farm, I moved off. Mr. Smallwood told me, at the time we had the conversation in the barn in August, that I couldn't work the farm; that I had better get off from it. He said that I did not know enough to work the farm. He told me to get off from the farm, and said that I could not work it." The plaintiff caused the agreement for leasing the farm to be put in writing, and requested defendant to execute it, and he refused. The county court held, and we think correctly, that what occurred as testified to by plaintiff did not justify him in abandoning the farm. *Mortimer* v. *Brunner*, 6 Bosw. 659; *Ogilvie* v. *Hull*, 5 Hill, 52; *Edgerton* v. *Page*, 20 N. Y. 281; Code Civil Proc. § 1515. The plaintiff should, notwithstanding the dissatisfaction of the defendant, have remained in possession of the farm, and performed his part of the agreement; instead of so doing he abandoned the premises, and neglected to perform on his part, and therefore he cannot recover of the defendant for his interest in the crops. *Graves* v. *White*, 87 N. Y. 463; *Kiplinger* v. *Green*, 28 N. W. Rep. 121, 61 Mich. 340; *Reynolds* v. *Reynolds*, 48 Hun, 142. Plaintiff had no right of action for breach of the contract as an executory one. *Unglish* v. *Marvin*, (Sup.) 8 N. Y. Supp. 283. We find no errors in the rulings of the trial court. The nonsuit was proper, and the judgment appealed from should be affirmed. All concur.