GEORGE W. BOOHER, Appellant, _v._ WILLIAM N. STEWART, Respondent.

_Agreement to work a farm on shares — the title to the crop to remain in the owner until advances are paid — mortgage of the crops by the tenant._

Under an agreement to work a farm on shares, which provides that the owner shall make certain advances to the worker to enable him to carry on the work, and that the title to the crop shall remain in the owner of the farm until such advances are fully repaid, the worker has, before payment of the advances, no property or interest in the crop which is capable of transfer by chattel mortgage to a third party, as against the owner of the farm.

Such an agreement is, in effect, a contract of hiring to work the owner's farm, compensation to be rendered in a share of the crop, and is not in the nature of a lease, or chattel mortgage, or conditional sale, or pledging of the property of a debtor for the security of the creditor, and, hence, need not be in writing, or filed as a chattel mortgage, in order to give it precedence, in favor of the owner of the farm, over a chattel mortgage on the crop executed by the worker to a third party.

APPEAL by the plaintiff, George W. Booher, from an order of the Supreme Court, made at the Livingston Circuit and entered in the office of the clerk of Livingston county on the 9th day of February, 1893, denying the plaintiff's motion for a new trial made upon the minutes of the court after a verdict had been rendered for the defendant.

_E. A. Nash_, for the appellant.

_J. R. Strong_, for the respondent.

DWIGHT, P. J.:

The action was trover for an undivided one-third part of a crop of oats raised on the farm of the defendant, by one Macauley, who took the farm to work on shares. The plaintiff claimed under a chattel mortgage given to him by Macauley, and the real question in the case is whether, under the agreement of the defendant with Macauley, the latter had any property or interest in the crop which he could transfer by chattel mortgage or otherwise.

The agreement was, as we have said, to work the farm on shares, but with many special provisions; among others, that the defendant should make certain advances to Macauley to enable him to carry on the work, and that the title to the crops should remain in the defendant until those advances were fully paid. There was some conflict of evidence in respect to the last-mentioned feature of the agreement, but the jury was abundantly justified in finding, as, under the submission of the case to them, they must be presumed to have found, that such was the agreement.

Under this agreement there seems to be no room for the contention of the appellant. Here was no lease nor was the relation of landlord and tenant created between the parties. It was, in effect, a contract of hiring to work the defendant's farm, compensation to be rendered in a share of the crop. (*Unglish* v. *Marvin*, 28 N. Y. St. Repr. 68; *Reynolds* v. *Reynolds*, 48 Hun, 142, and the cases cited.) The entire crop belonged to the defendant, except as otherwise provided by the agreement, and by the agreement it was provided that the entire crop should continue to belong to the defendant until he was repaid the advances made by him. This agreement was not in the nature of a chattel mortgage, nor a conditional sale, nor a pledging of the property of the debtor for the security of the creditor, because the property was the creditor's from the beginning, and was to become the debtor's only on payment of his debt.

The case seems to be entirely within the doctrine of *Andrew* v. *Newcomb* (32 N. Y. 417), which case it closely resembles in its facts. Such being the nature and effect of the agreement, it was not necessary that it should be in writing nor filed as a chattel mortgage in order to give it precedence over the chattel mortgage of the plaintiff. Indeed, under such agreement Macauley had no property or interest in the crop which was capable of transfer by chattel

mortgage, and the plaintiff took nothing by the paper executed to him.

We find no exception in the case which points to error on the trial, and conclude that the order appealed from must be affirmed.

Lewis, Haight and Bradley, JJ., concurred.

So ordered.