MOSES HAWKINS, Respondent, *v.* JOHN G. BEAKES and Another, Substituted as Defendants in the Place of JOSEPH K. ALEXANDER, as Sheriff of Orange County, Appellants.

*Title to crops, subject to an option — right of a judgment creditor of the party having the option.*

In January, 1893, all the personal property of one McCarthy, the lessor of a farm owned by one Hawkins, was taken possession of by Hawkins under chattel mortgages, and shortly afterward McCarthy transferred his equity in the property to Hawkins. Four days later, by an agreement in writing, Hawkins agreed to give McCarthy an option to repurchase the property in two years, under which arrangement all the hay cut and the crops raised upon the farm were to be and remain the property of Hawkins.

Prior to January, 1893, one Beakes had recovered a judgment against McCarthy, and upon an execution issued thereon against McCarthy's property the sheriff levied upon and sold the hay cut upon the farm in the summer of 1893.

*Held,* that the title to the hay was in Hawkins when the agreement between him and McCarthy was executed and was reserved to him by the terms of the agreement, and that his title to the hay could only be divested by the payment of the amount stipulated to be paid by the instrument.

APPEAL by the defendants, John G. Beakes and another, substituted as defendants in the place of Joseph K. Alexander, as sheriff of Orange county, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 29th day of January, 1894, upon the decision of the court, rendered after a trial at the Orange Circuit before the court without a jury, adjudging the plaintiff to be the owner and entitled to the possession of certain personal property.

*J. L. Wiggins,* for the appellants.

*Bacon & Merritt,* for the respondent.

DYKMAN, J. :

This is an action for the recovery of sixty tons of hay. The cause was tried before a judge without a jury, and a judgment was rendered in favor of the plaintiff against the defendants.

The plaintiff was the owner of a farm which for several years had been in the possession of John McCarthy under a lease from the owner.

In January, 1893, the plaintiff took possession of all the personal property on the farm belonging to McCarthy under chattel mortgages and claims which he held against him for $3,629. On the 17th day of January, 1893, McCarthy sold and transferred his equity in all the property to the plaintiff.

Subsequently, on the 21st day of January, 1893, by an agreement in writing, the plaintiff agreed to give McCarthy an option to repurchase the said property in two years. All the hay cut and the crops raised upon the said farm were by the said agreement to be and remain the property of the plaintiff. The hay for the recovery of which this action was brought was raised upon the farm in the summer of 1893.

In November, 1892, John G. Beakes recovered a judgment against McCarthy, and upon an execution issued thereon against the property of McCarthy the sheriff levied upon the hay in question. The hay was taken into the possession of the sheriff and advertised for sale under the execution, and thereupon this action was commenced, the hay was replevined and delivered to the plaintiff.

It is the theory of the defendants upon which the defense to the action is based, that the agreement of January 21, 1893, is a chattel mortgage upon the growing crops, and, therefore, invalid and ineffectual as to third parties, because it was not filed as a chattel mortgage.

That position, however, is faulty, because the title to the property was already in the plaintiff when that agreement was executed, and was reserved to the plaintiff by the terms of the instrument. Such title could only be divested by the payment of the amount stipulated to be paid by the instrument.

The instrument amounted to a stipulation that the products of the soil of the plaintiff's own land, when they came into existence, should be and remain his property until the fulfillment of the agreement by McCarthy, and that he never completely performed. There was money due from him to the plaintiff when this action was commenced.

The following cases are authorities in favor of the plaintiff and fully justify the judgment in his favor : *Andrew* v. *Newcomb* (32 N. Y. 417); *Van Hoozer* v. *Cory* (34 Barb. 9); *Schroeppel* v. *Dingman* (17 Wkly. Dig. 257); *Booher* v. *Stewart* (75 Hun, 215).

The judgment should be affirmed, with costs.

CULLEN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.