(17 App. Div. 210.)

### HARRIS v. GREGG.

(Supreme Court, Appellate Division, Third Department.  May 5, 1897.)

1. CUSTOMS AND USAGES—AWAY-GOING CROPS.

The custom of the country is admissible to prove the right to away-going crops.

2. TENANCY IN COMMON—CONVERSION BY CO-TENANT.

A tenant in common of the crop, who converts the whole of it to his own use, is liable for the value of his co-partner's share.

Appeal from Saratoga county court.

Action by John L. Harris against David Gregg, as committee of Amasa N. Gregg, an incompetent person.   From a judgment entered on a verdict in favor of plaintiff, defendant appeals.   Affirmed.

The plaintiff worked the farm of Amasa N. Gregg from the spring of 1883 until the spring of 1892 under an oral agreement that each party was to furnish half the seed, plaintiff to do all the work, live off the undivided proceeds,

divide equally the surplus, each to pay half the taxes. No time was stated as to the length of the term. In the fall of 1891, the plaintiff, intending to remain upon the farm another year, prepared the ground, and sowed 21 acres to rye and to timothy grass, each party furnishing one-half of the seed. The following spring the plaintiff, without consulting Gregg, removed from the farm. In July following, when the rye was about ready for harvest, the plaintiff offered to harvest the crop; but Gregg refused to permit him to do so, but harvested it himself, and kept and disposed of the entire crop. Upon the trial, these facts having been shown, the plaintiff offered to prove that it was the custom of the country for the outgoing tenant working a farm upon shares to return and harvest the crop of rye or wheat which he had sown the previous fall, and take his share of the crop. Objection being made by the defendant to the evidence, he conceded that the parties were tenants in common of the crop, and thereupon the offer was withdrawn. The plaintiff had a verdict for the value of one-half of the crop after deducting the expense of harvesting it.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. W. Atkinson, for appellant.
Thomas O'Connor, for respondent.

LANDON, J. It was competent for the plaintiff to show, in the absence of any agreement to the contrary, the custom of the country as to the outgoing crop. Reeder v. Sayre, 70 N. Y. 180. The defendant, by conceding that the parties were tenants in common of the crop, conceded, in effect, all the plaintiff could obtain from such evidence, and more; for, if the plaintiff had, in violation of the contract (which is doubtful,—Unglish v. Marvin, 55 Hun, 45, 8 N. Y. Supp. 283), left the farm, he had thereby lost his right to the emblements (4 Kent, Comm. 73; Samson v. Rose, 65 N. Y. 411). But, being tenants in common of the crop, Gregg, by converting the whole of it to his own use, became liable to the plaintiff for the value of the plaintiff's share. Osborn v. Schenck, 83 N. Y. 201.

The judgment and order should be affirmed, with costs. All concur.