CHARLES L. RAINS et al., as partners, etc., *Appellees*,
v. E. B. SCHERMERHORN, *Appellant.*

No. 17,527.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

ORAL CONTRACT — *Lease* — *Breach by Lessor*—*Remedies*—*New Trial.* The former decision (86 Kan. 854) as to the law applicable to the case is affirmed, but a new trial upon the facts is ordered.

Appeal from Cherokee district court. Opinion on rehearing, filed October 12, 1912. Reversed. (For original opinion, see 86 Kan. 854, 122 Pac. 883.)

*H. C. Bowman,* of Newton, *E. B. Morgan,* of Baxter, and *Truman T. Burr,* of Galena, for the appellant.

*William F. Sapp,* and *A. S. Wilson,* both of Galena, for the appellees.

The opinion of the court was delivered by

MASON, J.: Upon the first hearing of the appeal in this case the principal question considered was whether the plaintiffs' version of the facts constituted a cause of action. The decision of the court was thus stated in the syllabus:

"Where under an oral agreement that they are to receive a written lease for a term of years the lessees of mining property take possession of it with the consent of the lessor and enter upon its operation, upon the refusal of the lessor to execute such lease they may waive their right to specific performance, surrender the property, and recover in an action for breach of contract whatever reasonable expenditures they have made in preparation for taking out ore." (*Rains v. Schermerhorn,* 86 Kan. 854, 122 Pac. 883.)

Upon rehearing we adhere to this view. Upon the reargument two decisions were cited, in each of which

51—87 KAN.

language is used seeming to support the proposition that a tenant, unless actually evicted, can not recover damages for the refusal of his landlord to execute a written lease in accordance with an oral agreement. In one case, however, (*Yates and another v. Bachley,* 33 Wis. 185) the tenant had sold the house which he had placed upon the premises, and induced the landlord to accept the purchaser as the tenant in his place, so that he was virtually still in possession. It was said in the opinion that if the tenant had surrendered possession this would probably have been equivalent to an eviction. In the other case (*Preston v. Smallwood,* 20 N. Y. Supp. 504, 65 Hun, 624, 48 N. Y. St. Rep. 199) it was held that the statute of frauds prevented a recovery for the breach of the contract as an executory one.

In the syllabus quoted the plaintiffs are spoken of as having (according to their version of the facts) surrendered the property. Their contention is that they ceased to operate the mine because of the failure of the defendant to execute the lease, and that they refused to proceed unless the lease was executed; that in this situation the defendant took possession of the property, making a lease to other persons. This is the transaction referred to as a surrender of the property, the expression being regarded as sufficiently accurate for a statement of the general principle.

At the time of the former decision it was thought that if a right of recovery existed at all the amount of the judgment was not likely to be very far out of the way, although the proof on the subject lacked definiteness. Upon further consideration we are of the opinion that the evidence did not sufficiently show the amount of loss according to the test indicated. Moreover it seems probable that the errors referred to in the former opinion as nonprejudicial may have resulted in a confusion of theories affecting the result. It is thought

that the ends of justice will be best served by a new trial upon the facts, under the law as declared in the syllabus.